E. G. WALKER ET AL. v. OSCAR MARCHBANKS.

Decided April 25, 1903.

**1.—School Land—Sale During Term of Lease.**

A lessee of school land from the State, or his assignee, may, by surrender of the lease before the end of the term, become a purchaser of the land covered by it. Following Tolleson v. Rogan, 96 Texas, 424.

**2.—Same—Amending Application—Priority.**

Where plaintiff's application to purchase was prior to defendant's, but was amended after defendant's appplication was filed, this did not destroy its priority

unless it was fatally defective as originally made, or an essential change was made by the amendment.

**3.—Trial—Special Issues—Presumption.**

Where the judgment rests upon a special verdict and appellant failed to request the submission of an issue to the jury, it will be presumed from the evidence that the court found against him on such issue.

Appeal from the District Court of Scurry. Tried below before Hon. P. D. Sanders.

*Higgins & Curnutte,* for appellant.

*Ed J. Hamner,* for appellee.

STEPHENS, ASSOCIATE JUSTICE.—Appellee brought this suit in the usual form of trespass to try title to recover of appellants the following section and parts of sections of school land situated in Scurry County: Section 164, the north half and southwest quarter of section 161, and the north half and southeast quarter of section 163, all in block 97. Appellants defended under plea of not guilty. Only one issue of fact was submitted to the jury, that of collusion on the part of appellee, and the verdict was in his favor on it. Judgment was rendered for him for all the land claimed, from which this appeal is prosecuted by E. G. Walker, who claimed the east half and northwest or southwest quarter of section 163, and Walter Walker, who claimed section 164.

Errors are assigned to the admission in evidence of appellee's applications, with the accompanying obligations and affidavits, to purchase the lands in question, but the bills of exception fail to show the truth, and, in some instances, the materiality of the several objections made to the evidence. The same may be said of the objections to the admission of the Treasurer's receipts, showing the first payments, etc. Besides, the objections went to the effect rather than to the admissibility of the evidence.

A more serious question is raised by the assignments which complain of the admission in evidence of a transfer to appellee of the lease from the State held by A. P. Bush, Jr., and which had not on its face expired when appellee's applications to purchase were accepted by the Land Commissioner. This transfer of the lease was dated January 15, 1901, acknowledged April 5, 1901, and filed in General Land Office April 20, 1901, and seems to have assigned to appellee only so much of the lease as covered the lands included in appellee's application, which were dated April 13, 1901, and filed in the Land Office April 16, 1901.

The lands were awarded to appellee August 28, 1901, after some corrections had been made in the obligations, increasing or diminishing the amounts thereof, and after some additional remittances had been made to the State Treasurer, whose receipts for the requisite amounts bore date August 5, 1901. There was, however, oral testimony tending to show that the original obligations and remittances had been for the

proper amounts, and that, after being reduced in amount to meet erroneous suggestions from the Land Office, they were finally restored to the original status. The application of E. G. Walker was filed with the county clerk March 10, 1902, and that of Walter Walker June 4, 1901, and each of them was an actual settler and complied with the law.

That a lessee from the State or his assignee may, by surrender of the lease as above shown before the end of the term, become a purchaser of the land covered by it, has at last been decided by the Supreme Court in the case of Tolleson v. Rogan, 96 Texas, 424, 7 Texas Ct. Rep., 128, and in accordance with that ruling we hold that the lease in this instance was no bar to the several applications to purchase the lands in controversy. Priority for the application of Walter Walker to purchase section 164 is claimed, however, upon the ground that it was made (June 4, 1901) before the amended application of appellee was sent to the Land Office in July, 1901; but while the evidence upon this issue was by no means satisfactory, it did not require a finding that appellee's obligation as to this section was fatally defective as originally made, April 16, 1901, or that any essential change was made therein after Walter Walker filed his application. Appellants failed to request the submission of any such issue to the jury, and as the judgment rests upon a special verdict we must presume from the evidence that the court found against appellants on this issue.

It is further contended that the evidence showed that appellee amended all his obligations after the taking effect, April 19, 1901, of the law of 1901, but, if this contention is not sufficiently covered by the next preceding conclusion, we yet fail to see how that fact alone would give appellants priority, since their applications were not filed till June, 1901, and March, 1902.

Appellee was an actual settler on section 161, a dry agricultural section, at the date of his application to purchase it and the other sections as additional land, and the lands were all awarded to him on his applications filed April 16, 1901, which made a prima facie title, and no fact was found by the special verdict to rebut this presumption.

The judgment is therefore affirmed.

*Affirmed.*

Writ of error refused.