Tres Palacios Rice & Irrigation Company v. H. B. and S. O. Eidman.

Decided February 5, 1906.

1.—Contract by Corporation—Agent—Pleading.

Where the petition does not disclose the name of the agent of a corporation by whom the alleged contract was made, it is subject to special exception on that ground.

2.—Breach of Contract for Irrigation—Measure of Damage.

In a suit for damages for breach of contract for irrigation the measure of damage is the probable value of the crop when matured less expense of cultivating, harvesting, marketing, etc.

3.—Corporation—Agent—Authority—Pleading.

In the absence of actual authority, either express or necessarily included within the general official powers of an agent, a corporation can be held only by estoppel. Estoppel must be pleaded.

Appeal from the District Court of Matagorda County. Tried below before Hon. W. C. Carpenter, Special Judge.

*Lane & Higgins*, for appellant.—A corporation can act by its officers and agents only, and when a contract, alleged to have been made by a corporation, is sued upon without alleging the officer or agent of the corporation by whom the same was made in its behalf, a special exception to the petition for its failure to state the name of the officer or agent of the corporation by whom the contract is alleged to have been made should be sustained. Lewis v. Hatton, 86 Texas, 533; The Oriental v. Barclay, 16 Texas Civ. App., 208.

Where the authority of an agent to make a contract is specially denied, it is permissible for the alleged principal to show the agent's lack of authority, and if an estoppel against the principal is relied upon to hold him, it is then incumbent upon the plaintiff to plead and prove the facts relied upon as constituting an estoppel, and the question of estoppel then becomes a question of facts to be passed upon by the jury.

The court erred in that portion of his charge to the jury which reads as follows: "If you should answer said question in the affirmative, then you will inquire whether or not J. W. Roach was general manager of defendant at the time of the alleged making of such contract, and was acting within the apparent scope of his authority in so making it, or would a reasonably prudent business man be warranted in assuming that he had such authority as general manager of the corporation."

The court erred in that portion of his charge to the jury which reads as follows: "If you find in the affirmative, in answer to paragraph 'b,' then you will inquire whether or not plaintiffs were induced by said contract to incur expense and expend labor in planting land to rice."

The principle enunciated in those portions of the court's charge above quoted is an estoppel on the part of defendant to deny the authority of Roach to make the contract declared upon by the plaintiffs, and plaintiffs, in order to recover upon an estoppel, must plead the same. There being no estoppel pleaded by the plaintiffs, it was error for the court to submit to the jury the issue of plaintiffs' right to recover upon an estoppel against defendant. Scarborough v. Alcorn, 74 Texas, 359; Rail v. City Nat. Bank, 22 S. W. Rep., 865; Stanger v. Dorsey, 55 S. W. Rep., 129; Howe v. O'Brien, 45 S. W. Rep., 813; Mutual Life Ins. Co. v. Collin County Bank, 43 S. W. Rep., 831; Texas Produce Co. v. Turner, 27 S. W. Rep., 583; Pacific Express Co. v. Herzberg, 42 S. W. Rep., 795; Anderson v. Nuckles, 34 S. W. Rep., 185; Henderson v. Johnson, 55 S. W. Rep., 35; "Cyc.," vol. 10, pp. 1067, 924, 925, 938 and 1151.

*Gaines & Corbett,* for appellees.—In an action to recover damages sustained by failure to supply sufficient water for irrigation as contracted, and consequent destruction of the crop, the measure of damages is the difference between the amount actually realized from the crop and the amount that would have been realized had sufficient water been furnished, less the cost of raising, harvesting and marketing the same. Raywood & Co. v. Langford, 74 S. W. Rep., 929; International & G. N. Ry. Co. v. Pane, 73 Texas, 501.

The general agent of the company is virtually the corporation itself. Thompson on Corporations, vol. 4, par. 4849.

Third persons dealing with corporations' agents are not bound by secret limitations in by-laws. Rathburn v. Snow, 10 Law Rep. Ann., 356; Fay v. Noble, 12 Cush., 1; Smith v. Smith, 62 Ill., 493; 2 Morawitz Priv. Cor., par. 593.

It is fundamental that estoppel must be pleaded, but the authority of a general manager being a matter of judicial knowledge, the submission of the issue could not be complained of by the defendant. 4 Thompson on Corp., pp. 4876, 4892; 44 Law Rep. Ann., 632, note; 10 Cyc., 924, 925, 929; 12 Law Rep. Ann., 715, note.

GILL, Chief Justice.—This suit was brought by H. B. and S. O. Eidman to recover of the appellant irrigation company damages for breach of contract to furnish water for the irrigation of a rice crop planted by the Eidmans in 1903. A trial by jury resulted in a verdict and judgment for plaintiffs, and the company prosecuted this appeal.

The plaintiffs' cause of action as stated in the petition is, in substance, as follows:

It was averred that the defendant company leased 120 acres of irrigable land to plaintiffs to be planted in rice during the year 1903. That it was a corporation organized for the purpose of furnishing water for irrigation, and as such, on January 1, 1903, undertook and agreed to furnish water to plaintiffs at the necessary times and in proper quantities for the successful cultivation of the crop. That plaintiffs, relying upon the contract, planted the land in rice and it came up to a good stand, but the company wholly failed to furnish the water as agreed, and the rice crop for that reason withered and died and became a total loss. Plaintiffs prayed for the value of the crop which would have been made but for the breach of the contract, less the loss of cultivation, harvesting and marketing.

Defendant filed a general demurrer and special exceptions which were overruled. For answer it pleaded that in the winter of 1902 and 1903 it was engaged in the construction of a pumping plant, canals and laterals for the purpose of supplying water for irrigation purposes, but that whether their works would be completed in time for operation in 1903 was uncertain, and they refused to enter into water contracts for that year. That as a matter of fact the plant was not completed in time, and it specifically denies the execution of the contract sued on.

The company further pleads that it was informed otherwise than by plaintiffs' pleading that plaintiffs would undertake to show that they made the contract with one J. W. Roach assuming to act for the company. It is expressly denied that Roach had authority to make the contract for the company.

It was disclosed upon the trial that the plaintiffs were seeking to hold the company through a contract asserted to have been made by Roach as general manager of the company and there was evidence tending to show that such a contract was made.

That the rice was planted and perished for want of water was shown, and evidence was adduced as to the value of the probable cost of marketing, etc.

There was no evidence adduced tending to show that Roach had actual authority to bind the company by the contract alleged other than that he was general manager of the company, and the evidence offered by defendant to show lack of authority in him was excluded.

Defendant makes two points against the petition:

1. The failure to disclose the name of the agent through whom they sought to hold the company rendered it bad, as against the special exception.

2. The prayed for damages based upon the value of the probable crop was demurrable in the absence of an allegation that the crop at the time of its destruction had no market value.

We incline to think the first objection meritorious. It seems to us it is important for the corporation to be apprised of the name of the agent through whom it is sought to be bound, so that it may be able to question his authority and prepare to meet the issue with proof, but as the error was cured by the answer, we shall not notice it further.

Lyon & Gribble v. Logan, 68 Texas, 524; Security Mortgage Co. v. Carothers, 32 S. W. Rep., 842.

The second objection is without merit. It seems to be settled that the damages prayed for are within the contemplation of the parties in contracts of this nature, and to confine the plaintiffs either to the actual or market value of the growing crop at the date of its destruction would fall far short of compensation. (Raywood Co. v. Langford, 74 S. W. Rep., 929.)

The defendant offered to prove by J. W. Roach that he had no authority to enter into the alleged contract for the company. Certain bylaws of the corporation were also offered wherein the authority to make such contracts was restricted to other officers of the concern. The proffered evidence was excluded on the objection of the plaintiffs and defendant here complains of the ruling.

The assignments must be sustained. The suit was upon an alleged contract made and executed by the company and could be sustained only by proof of a contract so made. If, as contended by plaintiffs, proof that Roach was the general manager of the concern established the allegation, such proof was nevertheless subject to be rebutted by evidence of actual want of authority on Roach's part. In the absence of actual authority, either express or necessarily included within the general official powers of Roach, the company could be held only by estoppel. In this connection plaintiffs contend that such authority was necessarily included within the powers of a general manager, and that having once established that Roach was the general manager of the company all evidence of restrictions upon such power would be immaterial.

It is doubtless true that certain officers of some corporations are clothed with certain powers which either by the nature of their office or by long established and universal custom are a part of the necessary incidents of the office. Instance, the cashier of a bank, or the general manager in actual charge of corporations such as mercantile concerns. In such cases proof of the character of the corporation, the office and the official act by which the corporation is sought to be bound (if within the customary powers of such officers) is sufficient, at least *prima facie,* to establish the official act as that of the corporation.

But a close examination of the authorities will disclose that if in such cases there is an actual absence of authority to do the thing charged, liability is—as must necessarily be true upon principle—predicated upon estoppel. (2 Morawitz on Private Corporations, par. 593.)

In Sparks v. Despatch Transfer Co., 12 Law Rep. Ann., 715, cited by appellant, the issue was not whether the general authority of the president of the concern had been curtailed so as not to include the act complained of, but whether the act came within his general powers as president, and the case was decided, and the company held upon that theory.

We say this is true upon principle, because a case can scarcely be imagined where the corporation, acting through its board of directors, may not limit or restrict the general authority of any agent or employe, and if one having actual notice of the restriction dealt nevertheless with

the agent the corporation would not be bound however general the apparent authority of the agent might have been.

But it is equally true that where such a restriction has been imposed the company is nevertheless bound by estoppel if the one so seeking to hold the company avers and establishes its necessary elements.

So in this case, if there was in fact no authority on the part of Roach to execute the contract for the company, but the plaintiffs had averred and shown that they dealt with him innocently, without knowledge of his lack of power, and under circumstances which would have justified them in so acting, the company would be estopped to deny his apparent power.

The issues of actual authority and the question of estoppel are distinct and separate depending in the very nature of things upon different facts. Estoppel must be pleaded. (Texas Bank Co. v. Hutchins, 53 Texas, 68; Texas Bank Co. v. Stone, 49 Texas, 15.) Where, therefore, the power of the agent is denied, proof of lack of power is necessarily admissible as a predicate to the issue of estoppel.

It follows that the exclusion of the evidence of want of authority in Roach was error, not only for the reasons given, but because if the proffered evidence was true it established a complete defense in the present state of the pleadings. The plaintiffs predicated their right to recover on a contract executed by the company. To the defendant's denial that it was executed by its authority plaintiffs made no reply. Estoppel was not pleaded in any form nor was the issue tried, and plaintiffs do not question the rule that if their right to hold the company rests upon estoppel they must plead the facts which constitute it.

From this it follows also that the court erred in submitting the issue of estoppel in his charge.

The error in this case is accentuated because there is evidence tending to show that at the date of the contract the company's plant had not been completed, and that it had not actually engaged in the business for which it was formed. That at that date it was impossible to foretell just when they could safely begin, and that Roach was only general manager in charge of the construction work. It is also true that the sale and lease of water rights is one of the most important functions of such a company, and that because they may be sold or leased for long periods of time such transactions may involve a vast responsibility which the board of directors might be unwilling to intrust to any employe.

The plaintiffs offered no evidence tending to establish what were the customary powers of a general manager of an irrigation company.

For the errors indicated the judgment is reversed and the cause remanded.

*Reversed and remanded.*

### ON MOTION FOR REHEARING.

We erroneously stated in the main opinion that the appellees rented 120 acres of irrigable land from the irrigation company. The land was rented from private parties. We make the correction at the suggestion

of counsel for appellees, though it does not appear to be material to this appeal.

Appellees reiterate, with much ingenuity and apparent force, their contention that evidence of Roach's lack of authority and that he had never been clothed with authority to make water contracts was properly excluded. The proposition propounded is that the general manager of a corporation, such as defendant, had the apparent power to make the contract alleged. That this being true, third parties in their dealings with him are not bound by secret limitations upon his apparent authority. From this they deduce the rule that evidence of actual want of power in Roach was inadmissible for any purpose.

The authorities hold without exception that limitations upon the apparent power of an agent bind no one who does not know of the restriction and has dealt with the agent to his detriment. (Collins v. Cooper, 65 Texas, 460; Galveston, H. & S. A. Ry. Co. v. Neel, 26 S. W. Rep., 788; Bay City v. Sweeney, 81 S. W. Rep., 545; Moyer v. East Shore T. Co., 25 Law Rep. Ann., 50 and note; 1 Am. & Eng. Ency. of Law, 994.

But it is held with equal unanimity that one with actual knowledge of restricted power or lack of authority can not bind the principal by acting upon appearances. (1 Am. & Eng. Ency. of Law, 960-962; Hubbard v. Ten Broock, 2 Law Rep. Ann., 823.)

From this it follows that a principal may lawfully restrict the authority of the most general agent. To the extent of the restriction actual authority is wanting.

One seeking to hold another through the acts of an alleged agent must bind the principal upon one of two theories. (1) By showing actual authority. (2) By showing such facts as estop the alleged principal to deny the existence of actual authority. (1 Am. & Eng. Ency. of Law, 990-992.) Beside these two there is no rule upon which one can be held as a principal.

We have already seen that a principal may lawfully limit his agent's authority as he chooses. If, therefore, the facts disclosed bind the principal for an act of the agent done in excess of his actual authority he is held, not because the act is in fact his, but because he is estopped to deny the apparent authority of the agent. We therefore adhere to what was declared upon this point in the main opinion. Where there is want of authority the elements of estoppel must be present in order to bind one as a principal.

In many adjudicated cases involving the question of agency the distinction is not made clear because not called for in the particular case. Thus in Houston & T. C. Ry. Co. v. Hill, 63 Texas, 381, the broad rule was declared that secret limitations upon an apparently general power is not binding upon third persons. The same may be said of Bay City Irrigation Co. v. Sweeney, 81 S. W. Rep., 547. Moyer v. East Shore Terminal Co., 25 Law Rep. Ann., 50, seems to sustain the appellees' position, but a careful examination of the opinion in that case shows that it really turned upon the question as to whether the employe should be held to notice of a secret limitation of which he was not advised, and it was properly held that he was not. It is true that the proffered evidence of the secret limitation was excluded, but it is also

true that it was offered after admission that the agent's authority was the most general and that the party injuriously affected had no notice of the restricting bylaw. The case is of small value upon the point, but the note is valuable and sustains the proposition that in the absence of actual authority the alleged principal must be held upon the theory of estoppel.

There is no conflict between the conclusion we have reached and the opinion of the court in Irrigation Co. v. Sweeney, *supra*. We therefore do not certify the question.

In none of the cases cited by appellant was the question of pleading made.

There are cases which hold that the burden would be upon the principal to plead and prove that one contracting with his admitted general agent concerning matters coming clearly and necessarily within his general powers had notice of secret restrictions upon that general power. But this case is distinguishable from that class of cases in one important particular. The plaintiffs sued on a contract alleged to have been made by the defendant irrigation company. The company answered not only denying the execution of such contract, but accompanied the denial with allegations to the effect that at the date of the alleged contract it had not entered upon the business for which it was incorporated, not having finished the construction of its plant. That the request of plaintiffs to enter into such contract as the one alleged had been repeatedly refused, the reason given being that the plant was not complete. These allegations, if true, fixed upon plaintiffs notice of two things:

First. That the company had not then entered upon its corporate purpose for the reasons given, but were engaged in preliminary work.

Second. That Roach was not general manager of the work not yet begun, and that his powers were restricted to the management of the work then in hand.

The sufficiency of this answer as a complete defense was not questioned either by exception or otherwise, yet the defendant was not permitted to adduce proof in its support. Testimony was admitted to the effect that the plant was not complete. That the defendant could not foresee when it would get its machinery, and that the plaintiffs had notice of these facts, also of the purpose of the company to enter into no absolute contracts on that account. But the proffered proof that Roach, for these or for any reason, had no authority to bind the company as alleged was excluded and the case went to the jury on the facts, as if Roach had absolute authority to bind the company. The exclusion of the evidence was a holding to that effect. It amounted to an assumption not only that Roach was a general manager of a concern already actively engaged in making such contracts, but that the company would not be permitted to question his authority. We think the error is manifest. The evidence should have been admitted and the issue properly submitted to the jury. We have no occasion to comment on the weight of the evidence.

For the reasons given the motion is overruled.

*Overruled.*

Application for writ of error dismissed.