## VACAREZZA v. REALTY INV. CO. et al.

(Court of Civil Appeals of Texas. San Antonio. March 18, 1914. On Motion for Rehearing, April 15, 1914.)

1. SPECIFIC PERFORMANCE (§ 25*)—RIGHT OF ACTION.

Plaintiff cannot sue for specific performance, where he knew, when the contract was executed by the secretary of defendant company, that the company did not own the property, and that a firm was the real owner's agent.

[Ed. Note.—For other cases, see Specific Performance, Cent. Dig. §§ 56–58, 60; Dec. Dig. § 25. ]

2. CORPORATIONS (§ 404*)—AUTHORITY OF OFFICERS—SECRETARY.

Under the by-laws of a corporation, providing that the president shall sign all contracts, deeds, etc., executed by it, and that no sale of realty shall be consummated without the consent of the board of directors, the secretary did not have authority to bind the corporation by a contract to sell realty.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 1626–1628, 1633–1639; Dec. Dig. § 404.*]

3. CORPORATIONS (§ 429*) — POWER OF OFFICERS—CONSTRUCTIVE KNOWLEDGE.

Persons dealing with a corporation are charged with knowledge that the corporation can only act as provided by law, so that, where corporate by-laws provided that the corporation could only convey realty with the consent of its board of directors, persons purchasing realty from it were charged with knowledge that the only power of the acting agent of the corporation was derived from the board of directors.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 1720–1723, 1725; Dec. Dig. § 429.*]

4. CORPORATIONS (§ 404*) — AUTHORITY OF AGENT.

If the secretary of a corporation had no power to sign a contract for it to convey land, it is immaterial what he thought when he signed the contract in the name of the corporation, or as to whether he signed by mistake, etc.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 1626–1628, 1633–1639; Dec. Dig. § 404.*]

5. NEW TRIAL (§ 103*)—NEWLY DISCOVERED EVIDENCE—MATERIALITY.

Alleged newly discovered evidence, which was immaterial, would not authorize a new trial.

[Ed. Note.—For other cases, see New Trial, Cent. Dig. §§ 215–217; Dec. Dig. § 103.*]

Appeal from District Court, Bexar County; R. B. Minor, Judge.

Action by Steve Vacarezza against the Realty Investment Company and others. From a judgment for part of defendants, plaintiff appeals. Affirmed.

Henry E. Vernor and Joseph Ryan, both of San Antonio, for appellant. Cobbs, Eskridge & Cobbs, of San Antonio, for appellees.

CARL, J. Appellant, Steve Vacarezza, sued the Realty Investment Company, a corporation, R. H. Wester Company, a firm which is alleged to be composed of R. H. Wester and C. F. Ketter, and said parties individually, for specific performance of a contract to convey to him a lot of land and improvements thereon at Nos. 312–314 on South Concho street in San Antonio, Bexar county, Tex., and, in the alternative, $5,000 damages, in addition to the recovery of $100 paid as earnest money.

R. H. Wester Company, R. H. Wester, and C. F. Ketter answered by general demurrer, general denial, and specially that R. H. Wester Company had the $100, but did not know how it should be applied, and asked the court to direct its application. They claimed that plaintiff had agreed that same might be applied as rent on the premises.

The Realty Investment Company answered by the same attorneys, demurring generally, and entering a general denial. This defendant further made special answer that the contract signed in the name of Realty Investment Company by C. F. Ketter, secretary, was made without authority; that Ketter knew the corporation did not own the property, and that it was not the purpose of this defendant to become personally bound by the contract; that Ketter knew that R. H. Wester Company was acting as the rental agent for said property, and that Realty Investment Company had no interest therein, and that R. H. Wester Company had no interest therein, except as rental agent therefor. It was further alleged that they believed that one J. E. Barnell had power to

bind the true owner, he claiming to be attorney in fact for the true owner, and that it was only intended to bind the true owner, the corporation acting for the purpose of making a commission solely, and that Ketter was not authorized to bind the corporation. The answer further sets out that, after the contract was made, plaintiff paid the rent to Blanche Roy, who was using and occupying the premises, and that, when Ketter found they could not comply with the contract of sale, he called upon plaintiff within ten days and told him the contract could not be complied with because of the condition of the title, and offered to return the earnest money or to apply it to rents, to which latter application plaintiff made no objection, and he did so apply it and same was credited to Mrs. A. Bonnin, the owner, in the R. H. Wester Company ledger, but that no part of it was handled by or credited to Realty Investment Company, and that the corporation had naught to do with the property or the earnest money; that thereafter one Candido Miorelli bought the property, and plaintiff attorned to him as tenant, and paid the rent for Blanche Roy. It is alleged that plaintiff knew defendant did not own the property, and acquiesced in the sale to Miorelli by attorning to him; and, further, that the acts of Ketter in seeking to bind the corporation were without authority and ultra vires, and that Vacarezza had never pretended to recognize the contract as binding on the corporation. By reason of all this, estoppel was pleaded.

To this answer, by supplemental petition, plaintiff urged a general demurrer and a number of special exceptions, and pleaded that R. H. Wester Company is but another name under which Wester and Ketter do business, as partners, and that the acts of the Wester Company are binding on Realty Investment Company, and, by trial amendment, alleged that Wester and Ketter owned the stock of Realty Investment Company, except one share, and that they received and retained the earnest money, and had acquiesced in and ratified the contract, and that same is binding on the corporation whose officers and directors had not repudiated.

The court instructed the jury to find in favor of Vacarezza against R. H. Wester, doing business under the name of R. H. Wester Company, in the sum of $100, with interest at 6 per cent. from October 28, 1911, and in favor of the other defendants, which was accordingly done. "Hence this appeal."

The contract dated October 28, 1911, is signed by Vacarezza and Realty Investment Company, by C. F. Ketter, secretary, and provides for the sale of the property to Vacarezza by the Investment Company upon terms specified, abstract to be furnished in ten days, and, on completion of the sale, the balance of the cash payment to be made and note to be executed for the remainder.

Appellant gave his check to R. H. Wester Company for the $100 earnest money; and Ketter testified he was acting for R. H. Wester Company as agent, and the money was passed to the credit of Mrs. Bonnin in Wester Company ledger, and he says he signed Realty Investment Company by mistake or ignorance, and that he had no authority so to do. The by-laws of the corporation show that sales and purchases are only to be made by order of the directors, and no such authority was given. Vacarezza says that: "Four years ago, when Mrs. Bonnin went to France, he made a lease to Miss Roy for $52.50, payable to Mr. Albert Bitter, on Commerce street. He got sick; then Miss Blanche Roy told me she was paying Mr. Wester, and Mr. Bitter said to turn all collections over to Mr. Wester, and Mr. Wester has been collecting ever since. I knew Mrs. Bonnin and that she owned the property Miss Roy leased." "Mr. Ketter signed it for the R. H. Wester Company. The lease is dated March 31, 1911. Blanche Roy signed it, and then I and Mr. Ketter witnessed it. This $52.50 was paid for this property under this lease to R. H. Wester Company up to and for October, 1911. Rent was paid for September and for August and every month up to the time the property was sold to Miorelli." He repeatedly says he was dealing with R. H. Wester Company, and says that Ketter told him at the time, "We own it," and that he was talking for R. H. Wester Company, the same parties who were collecting the rent. "He knew and I knew that Wester was collecting the rent from the property as agent. When I made that paper, I knew he represented R. H. Wester Company."

There are two reasons why the Realty Investment Company cannot be held:

[1] 1. Because Vacarezza knew at the time that the company did not own the property, and that R. H. Wester Company were acting as agents.

[2] 2. Because Ketter was not authorized to bind the corporation in a contract of sale.

Article II, section III, of the by-laws of the corporation provide that the president shall sign all papers and contracts, deeds, etc., and article IV provides that no purchase or sale of realty shall be consummated without the consent of the board of directors. The evidence clearly shows that the consent of the board of directors was never given in this matter. Furthermore, the undisputed testimony shows that the contract was really made for the benefit and on behalf of R. H. Wester Company, and that Vacarezza thought he was dealing with that company.

[3] A corporation, being a creature of the law, must act and be bound as the law provides. Parties dealing with it are charged with the duty of knowing this. They must know that whatever power the agent has is derived from the board of directors. Fitzhugh v. Franço-Texas Land Co., 81 Tex. 306, 16 S. W. 1078; Green v. Hugo, 81 Tex. 456,

17 S. W. 79, 26 Am. St. Rep. 824; Franco-Texan Land Co. v. McCormick, 85 Tex. 416, 23 S. W. 123, 34 Am. St. Rep. 815; Tres Palacios Rice & Irrigation Co. v. Eidman, 41 Tex. Civ. App. 542, 93 S. W. 698; Standard Underground Cable Co. v. So. Ind. Telephone Co., 134 S. W. 429; Hermitage Hotel Co. v. Dyer, 125 Tenn. 302, 142 S. W. 1117; Elk Valley Coal Co. v. Thompson, 150 Ky. 614, 150 S. W. 817.

We therefore conclude that the trial court was correct in directing a verdict against R. H. Wester Company and denying relief against the Realty Investment Company, and the judgment is affirmed.

### On Motion for Rehearing.

The undisputed evidence shows that the R. H. Wester Company was composed of R. H. Wester, and that C. F. Ketter, Chadwick, and Crouch were working for Wester as employés. Ketter says: "I was not interested in the Wester Company, only as an employé; and it was not a Realty Investment Company transaction, but an R. H. Wester Company, as agent, transaction, regardless of how the papers were signed." It was further shown that Wester not only composed the firm of R. H. Wester Company, but the commission would be payable to him. Neither Crouch, Chadwick, or Ketter shared in the profits. Vacarezza knew that the Wester Company was acting as agent, and knew that Bonnin owned the property. No authority was given Ketter to make a contract in the name of Realty Investment Company to sell property, and he says he signed that name by mistake or ignorance. Appellant did not think he was dealing with the corporation, but says he was dealing with R. H. Wester Company, the agents. The evidence is undisputed that R. H. Wester is the sole member of that company. In view of these facts, we think the court correctly instructed the jury to render the verdict against R. H. Wester, doing business under the company name.

[4] It matters not what C. F. Ketter thought he was doing when the contract was signed, in so far as Realty Investment Company is concerned, because he was not authorized to make the contract. Appellant does not contend that he was dealing with that corporation, but says repeatedly that he was dealing with R. H. Wester Company. And Ketter says he was acting for that company. Vacarezza made his check to the Wester Company. The result is that appellant had no contract for the purchase of the property that was enforceable. Having no valid contract, he had no right to recover damages on account of a breach of same.

[5] This being true the alleged newly discovered evidence about Wester's dealings with Barnell is immaterial, and would not authorize the granting of a new trial. It was our purpose to overrule all assignments,

and, if the original opinion is not clear on that matter, we here state that all assignments were thus dealt with.

The motion for rehearing is overruled.