ROSS v. JACKSON.

(Court of Civil Appeals of Texas. San Antonio. April 1, 1914. Rehearing Denied April 15, 1914.)

1. SET-OFF AND COUNTERCLAIM (§ 28*)—CLAIM ARISING OUT OF SAME TRANSACTION.

In an action on a note representing money advanced to defendant to pay the expense of

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key-No. Series & Rep'r Indexes

drilling a well and to foreclose a lien for a drilling outfit, given to secure payment of the note, a claim for damages from plaintiff's refusal for a time to point out where the well was to be drilled, resulting in defendant being kept idle, and for a certain amount for drilling the well, was a part of the same transaction as the note so as to be properly asserted in a cross-action, under Rev. St. art. 1330, permitting an uncertain claim to be asserted against a certain demand, where they grow out of and form a part of the same transaction.

[Ed. Note.—For other cases, see Set-Off and Counterclaim, Cent. Dig. §§ 47, 48; Dec. Dig. § 28.*]

**2. ESTOPPEL (§ 111*)—PLEADING.**

Estoppel must be specially pleaded.

[Ed. Note.—For other cases, see Estoppel, Cent. Dig. § 301; Dec. Dig. § 111.*]

**3. PLEADING (§ 228*)—EXCEPTION TO EXCEPTION.**

The sustaining of defendant's exception to plaintiff's exceptions to a pleading is in effect merely the overruling of plaintiff's exceptions.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 584–590; Dec. Dig. § 228.*]

**4. ESTOPPEL (§ 90*)—ESTOPPEL BY CONDUCT.**

The fact that defendant executed the note sued on to plaintiff for money advanced to pay for drilling a well for plaintiff, without mentioning his claim against plaintiff for damages for delay by plaintiff's refusal to point out where the well was to be drilled, would not estop defendant from claiming such damages, especially where they were not considered in the settlement made between the parties.

[Ed. Note.—For other cases, see Estoppel, Cent. Dig. §§ 242–244, 248–256; Dec. Dig. § 90*]

**5. TRIAL (§ 255*)—INSTRUCTIONS—REQUEST.**

In an action on a note given for money advanced to defendant to pay expense of drilling a well, in which defendant counterclaimed for damages from plaintiff's delay in pointing out a place for drilling the well, plaintiff should have requested a charge as to estoppel from claiming such damages by not mentioning them when the note was made, and as to an uncertain claim being sought to be offset against a certain claim, if she desired to submit those questions.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 627–641; Dec. Dig. § 255.*]

**6. APPEAL AND ERROR (§ 882*)—ESTOPPEL TO ALLEGE ERROR.**

A party who prepares and submits a full charge cannot complain that it is not the law or does not cover the case in view of Acts 33d Leg. c. 59, providing that all objections to instructions not made as provided shall be deemed waived, etc.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3591–3610; Dec. Dig. § 882.*]

**7. APPEAL AND ERROR (§§ 263, 292*)—PRESENTATION BELOW.**

Plaintiff cannot complain on appeal of a special charge given for defendant, where it was not excepted to or assigned as error in the motion for new trial.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1516–1523, 1525–1532, 1697–1699; Dec. Dig. §§ 263, 292.*]

**8. APPEAL AND ERROR (§ 1068*) — HARMLESS ERROR—INSTRUCTIONS.**

An instruction that an injured party may recover for future consequences, though he does not show that it is reasonably certain that he will suffer, was not applicable and was harmless, where neither party sought damages for future consequences, and the jury evidently did not consider the instruction.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4225–4228, 4230; Dec. Dig. § 1068.*]

Appeal from Kinney County Court; Joseph Veltmann, Judge.

Action by Virginia Ross against W. R. Jackson, in which defendant filed a cross-action. From a judgment for defendant on his cross-action, plaintiff appeals. Affirmed.

W. L. Clamp, of Brackettville, and Martin & Martin, of Uvalde, for appellant. Frank Lane, of Brackettville, for appellee.

CARL, J. Appellant, Virginia Ross, brought suit against appellee, W. R. Jackson, on a certain note, dated April 26, 1913, for the sum of $335, interest and attorney's fees, and for a foreclosure of a mortgage lien on a certain well-drilling outfit, given to secure the payment of said note.

Defendant Jackson answered by general demurrer, special exceptions, general denial, and on cross-action and offset that he had a verbal contract of date about November 15, 1912, whereby he was to drill a well for plaintiff in the northeastern part of Kinney county, at a place to be designated by plaintiff, which said well was to be drilled to a sufficient depth to procure a sufficient amount of water for practical purposes. For such well, it is alleged, she promised to pay him $1 per foot for the first 200 feet, and $1.50 per foot for the third 100 feet, if defendant succeeded in procuring a sufficient amount of water for practicable purposes; that in compliance with such agreement defendant moved his drilling outfit on the land and made all preparations for boring said well, but plaintiff negligently failed and refused to point out the place where said well was to be drilled for 35 days, during which time he was kept idle, because of the fact that he was compelled to hold himself in readiness to carry out such contract, and claim is made for $12 per day during said 35 days he was kept idle. Claim is made for $420 for the time he was kept idle, and for $402.50 for the drilling of said well, the note sued on being admitted, except that it is alleged that plaintiff knew the sum represented by same was for the purpose of obtaining money to pay the expense of drilling said well, buying materials therefore, etc., and was given before the well was finished, and that it was understood between plaintiff and defendant that said note was to be paid off and discharged with money derived from plaintiff by defendant in boring the well. Prayer is, on the cross-action, that defendant offset plaintiff's debt due on the note by the cost price of drilling the well, and that he have judgment for $62.50. In addition thereto he prays for $420 for the 35 days he alleges he was idle and at great expense because plain-

tiff failed and refused to point out where the well was to be bored, because he says he would have earned $12 per day during said time.

The plaintiff excepted to the matters set out in the fourth paragraph of defendant's answer, which is with regard to the 35 days he says he was idle, because the same is an attempt to offset a liquidated demand by an unliquidated claim; and that if he had such a claim he was estopped to plead same, because he had waived the same by settling and merging same into the note and mortgage given April 26, 1913. Plaintiff also denied that he drilled a merchantable well or one that could be used, or that it would supply a sufficient amount of water for practicable purposes.

Defendant excepted to the sufficiency of the plea of estoppel, which plea was by the court sustained, and plaintiff's exception was overruled.

The cause was tried by a jury and resulted in a verdict in favor of Jackson for $370 for drilling the well and in favor of plaintiff for $378 on the note, which was offset by the cost of the well, leaving $8.60 in favor of plaintiff, and further found $3 per day for the 35 days defendant was kept idle on account of plaintiff failing to point out where the well was to be drilled, and from this the $8.60 was deducted, leaving a net balance of $96.40, for which judgment was rendered against the plaintiff and in favor of defendant. Plaintiff has appealed.

The first assignment of error complains that the court erred in sustaining defendant's demurrer, to plaintiff's exception, wherein the point was made that defendant's counterclaim accrued long before the note and mortgage were executed, and was fictitious and trumped up for the purpose of defeating plaintiff's just liquidated demand; and the second assignment asserts that the court erred in not sustaining plaintiff's exception to defendant's cross-action for 35 days lost, because the suit was on a note dated April 26, 1913, and his cross-action accrued long prior thereto and was waived and merged into the settlement represented by the note. The assignment states that Jackson got $71 more at the time he executed the note and then closed the account. But the exception filed does not set forth these matters. The first exception is to the effect that defendant's claim is unliquidated and cannot be offset against a liquidated demand, and is too remote and speculative. The second exception is to the fourth paragraph of defendant's answer, wherein he prays for damages at $12 per day for the 35 days lost, and that exception is he is estopped from interposing same for the reason said claim, if any he had, was by him waived, settled, and merged in the settlement of their differences on April 26, 1913, the date he acknowledges that he made, signed, executed, and delivered to plaintiff his promissory note for the sum of $335, etc. The defendant's pleadings were not subject to the criticism urged in these exceptions. Other than the exceptions filed, the plaintiff did not plead waiver and estoppel nor that the defendant sought to offset a liquidated by an unliquidated demand. When her exceptions were overruled as to these matters, there was no pleading before the court upon which to base a charge on these matters. They were not pleaded as defense to the cross-action; nor did the plaintiff seek to plead same in her trial amendment or otherwise than by the exceptions which the court did not sustain. The cross-action was not subject to the exceptions, because it did not appear therefrom that defendant had waived his claim.

[1] And the claim sued on in the cross-action grew out of the alleged contractual relations and was a part of the same transaction as the note. It is therefore not apparent from the cross-petition that it was subject to either of said exceptions.

[2] Estoppel, to be relied upon, must be specially pleaded. Ross v. Moskowitz (Civ. App.) 95 S. W. 86, affirmed in 100 Tex. 434, 100 S. W. 768; Tres Palacios Rice, etc., Co. v. Eidman, 41 Tex. Civ. App. 542, 93 S. W. 698, application for writ of error dismissed 101 Tex. 664, 93 S. W. 698; Scarbrough v. Alcorn, 74 Tex. 360, 12 S. W. 72; Banking Co. v. Hutchins, 53 Tex. 68, 37 Am. Rep. 750.

Article 1330 of the Revised Statutes of Texas specially provides that an uncertain claim may be asserted against a certain demand where they grow out of and form part of the same transaction. According to the defendant's allegations, this all grew out of the same contractual relations, and the cross-action, as alleged, does not show that prior claims were waived or merged in the note; but, on the contrary, the pleadings show that the note represented an advance to help carry on the work.

[3] Sustaining the defendant's exception to plaintiff's exceptions is in substance merely overruling the exceptions of the plaintiff, in which there was no error because the pleadings of defendant were not subject to the criticism. But why all these exceptions to exceptions? A demurrer is either good or bad, and stands or falls according to its own soundness.

[4] The fact that Jackson executed the note to plaintiff, sued upon, without mentioning his claim for damages, would not of itself operate as an estoppel of his claim for damages, and this is especially true where same was not considered in the settlement. Llano County v. Moore, 77 Tex. 515, 14 S. W. 152.

[5] Plaintiff prepared, and the court submitted as the law of the case, a charge which did not embody either estoppel or the fact that an uncertain claim was sought to be offset against a certain one. In any event, it would be an omission, and it would be her duty to ask the charge she desired.

[6] But, where she prepares and submits a

full charge, she cannot complain that it is not the law or that it does not cover the case. Railway Co. v. Kurtz (Civ. App.) 147 S. W. 661; Guerra v. S. A. Sewer Pipe Co. (Civ. App.) 163 S. W. 672; Acts 33d Leg., pp. 113, 114.

[7] Complaint is made as to a special charge given at the instance of defendant; but it was not excepted to by plaintiff, nor was it assigned as error in the motion for new trial.

If the testimony of the defendant is true, then plaintiff was grossly negligent in refusing to point out where the well was to be bored. She did finally point it out, and, if she had done this at first, there would have been no occasion for damages.

[8] The clause in this special charge, reading as follows, is that about which complaint is made: "An injured party may recover for future consequences, though he does not show that it is 'reasonably certain' that he will suffer." We do not see how this could have any bearing on the case, because there was no effort made to collect for future consequences by either party, and the jury evidently took no notice of that clause. The verdict was for the 35 days Jackson was kept idle, and for the cost price of the well. So there was no injury done by the giving of this inapplicable clause in the special charge.

The assignments are all overruled, and the judgment is affirmed.