**UNION PRODUCING COMPANY,**
**Appellant,**

v.

**Alton ALLEN et ux., Appellees.**

**No. 6055.**

Court of Civil Appeals of Texas.

Beaumont.

Jan. 10, 1957.

Rehearing Denied Jan. 30, 1957.

Vinson, Elkins, Weems & Searls, Houston, for appellant.

Dies, Anderson & Dies, Lufkin, for appellees.

R. L. MURRAY, Chief Justice.

This is an appeal from a judgment in the County Court of Angelina County in a suit brought by Alton Allen and his wife, appellees, against Union Producing Company, appellant, for damages to their land.

The petition of appellees, plaintiffs in the trial court, in its entirety reads as follows:

"Now comes Alton and wife Flora Bell Allen, hereinafter called plaintiffs complaining of Union Producing Company, hereinafter called defendant and for cause of action and grounds for complaint would show the court as follows:

"(1)

"Plaintiffs are the owners in fee simple of the following real estate located and situated in Angelina County, Texas; all that certain tract or parcel of land described in that certain deed recorded in Book 151, page 606 of the Deed Records of Angelina County, Texas.

"(2)

"Heretofore, the deefndant drilled a gas well on said property and agreed before the commencement of said drilling, to pay to plaintiffs all damages caused by the drilling operation to the surface of their land, as well as for the loss of the use of said land. Defendant, as aforesaid, drilled a gas well on a portion of the above tract and in doing so caused surface damages and excluded plaintiffs from the use and benefit of approximately five (5) acres thereof. That plaintiffs' damages are in the sum and amount of $950.00 for which they come now and sue.

"Wherefore, premises considered, plaintiffs pray that defendant be cited to appear and answer herein and that upon a trial hereof, they recover the sum and amount of $950.00 from the defendant, for cost of court and relief generally."

Appellant answered by special exceptions, and general denial. The special exceptions were overruled. On appeal complaint is made of the court's action in overruling only exception number one, which was as follows:

"Defendant specially excepts to that portion of Paragraph 2 of plaintiffs' original petition wherein it is alleged that defendant 'drilled a gas well on said property and agreed before the commencement of said drilling, to pay to plaintiffs all damages caused by the drilling operation on the surface of their land, as well as for the loss of the use of their land' and says that the same is insufficient and should be stricken, for the following reasons:

"(a) The allegation does not specify whether the alleged 'agreement' is written or oral, and thereby does not give defendant fair notice of the character of agreement alleged or of the proof it will be required to meet. If written, plaintiffs should be required to attach a copy thereof to their corrective pleading, if any be filed.

"(b) The allegation does not identify the parties with whom the alleged agreement is said to have been made; defendant, being a corporation, is entitled to know in particularity the name, identity and authority of the person or persons alleged to have 'agreed' on its behalf.

"(c) The allegation is too general, vague and indefinite to accord defendant fair notice of the legal basis of the claim urged by plaintiffs, or of the date of the alleged 'agreement' or of the nature of the alleged 'agreement', whether formal or informal, written or oral, or of any breach thereof."

The cause proceeded to trial before the court without a jury. The appellant had made request for a jury and paid the jury fee but not within ten days before the case was set for trial and the court refused the jury request.

The evidence on the trial showed that the appellees bought their land in May, 1950. The land was subject to an oil and gas and mineral lease held by the appellant Union Producing Company, dated May 14, 1948, filed for record in June, 1948. In the latter part of 1954 appellee Allen had a conversation with one David Teel, the Assistant Production Control Supervisor of the appellant. He informed Allen that the company was about to drill a well on the Allen

property under its lease; that they wanted to fence off two or three acres so the cows would not bother them and that if Allen would make no objections the company would put up the fence, and when they got through drilling the well they would pay him for all damages for everything they did and would give him the fence. The well was drilled, gas production was achieved and Allen's land was left in a worse condition than it was before the well was drilled. Allen's crop of lespedeza grass and clover patch were destroyed along with some bermuda grass growing with it. This was not a natural pasture grass, but was a planted and cultivated grass for grazing. Gravel was placed on some parts of the land which prevented grass from growing back. Allen testified that the land was producing a crop of 200 or 300 bales per acre and that the hay was worth $1.25 per bale. He testified to various other elements of damage to the land itself as pasture land. At the request of the appellant the trial court filed findings of fact and conclusions of law, including the ownership of the land in question, the lease in favor of the appellant, which contained a provision that "lessee shall pay all damages caused by lessee's operations hereunder to growing crops or timber on said land"; and further that Teel was a supervisor and agent of the appellant, that Teel proposed to appellees that if they would not raise any protest concerning the proposed drilling the company would pay all surface damages caused by drilling operations; that Teel had the authority, "actual or apparent, expressed or implied", to make such agreement and bind the appellant; that the appellant drilled a gas well causing damages to the surface of the land and to the improved pasture, which was found to be a growing crop. The court found that damages to the land were in the sum of $950, and the damages to the growing crops on the land were in the sum of $950. The court concluded, as a matter of law, that the agreement made by Allen with Teel was a binding contract supported by consideration; that Teel was an agent of the appellant and

had the authority to bind the appellant; that the appellant is bound by the terms of the oil and gas lease which provided that it should pay all damages caused by its operations to growing crops; that drilling operations caused damages to growing crops having a market value of $950. The court further concluded that the appellant owes appellees $950.

Judgment was entered for the appellees against the appellant for the sum of $950. The appellant has duly perfected its appeal to this court for review of the judgment.

Appellant excepted to the findings of fact and conclusions of law, and also requested the court to find additional findings of fact and conclusions of law. It thereby requested findings that the damage or injury to the land was a temporary damage or in the alternative that the damage was a permanent damage. It also requested the court to find that the difference in the market value of the 5-acre tract prior to the commencement of the drilling operations and immediately thereafter was the sum of $150, and further find that the difference in value of the whole 66.8-acre tract immediately prior to the drilling and immediately following the drilling was $150; that the reasonable rental value of the 5-acre tract is $1 per acre per year and for the 66.8-acre tract was also $1 per acre. These requests were filed and called to the attention of the court but no action was taken thereon.

■■ The appellant's 19th point of error is a complaint of the action of the trial court in overruling its special exception to appellees' petition. We think the special exception, which is quoted above in this opinion, was good and that the trial court was in error in overruling it. The petition itself contains only a very short and general statement of the appellees' cause of action against the appellant. The appellees attempt to justify the brevity of their petition by the argument that under our amended rules of pleading in effect since the adoption of Texas Rules of Civil Procedure, they were not required to plead their evidence in

detail and say that the pleading was sufficient to put the appellant on notice of the nature of their claim. It is true that in most cases a statement of a cause of action is sufficient if it gives reasonable notice to the defendant of the general nature of the claim being made against him, in the absence of any special exceptions to such pleading. Here, however, the appellant challenged the sufficiency of the pleading by its exceptions and pointed out in such exceptions elements of a cause of action which were lacking. Upon the filing of such special exceptions it became the duty of the trial court to sustain the one brought forward on appeal by the appellant and to require the pleader to allege the oral agreement which was testified to in the evidence on the trial, the name and capacity of the person who made such an agreement, the date of the agreement, and a more detailed statement of the nature of the agreement itself. See McDonald's Texas Civil Practice, Vol. 2, pages 549–557; Tres Palacios Rice & Irrigation Co. v. Eidman, 41 Tex. Civ.App. 542, 93 S.W. 698; Universal Credit Co. v. Cole, Tex.Civ.App., 146 S.W.2d 222.

■ Under its first, second and third points the appellant complains of the trial court's holding that the agreement between Teel and Allen constituted a binding contract. Under these points appellant asserts that under its lease agreement it had the rights and privileges of entry on the appellees' land for the purpose of enjoyment of its leasehold estate and that permission by Allen to go on such land was not consideration to support an agreement to pay for all damages to the land occasioned by the drilling operations. It cites numerous authorities for its assertion that it had the right of entry for drilling and that its lease gave it the right for any reasonable and necessary use of the land for drilling operations. It also cites authority in support of its contention that a promise or agreement to do what one is already legally bound to do is not consideration sufficient to support a contract. The agreement contended for by appellees, however, would not be an extension or modification of the written agreement contained in the oil and gas lease, but is a new agreement on the part of Allen to forbear making any objections of any kind to the entry on his land in order that the appellant might proceed with its drilling operations without any controversy or delay. We believe that this was not an improper field for agreement between the parties. Allen conceivably might have had objections to the particular piece of land out of the leased tract on which the appellant desired to place its machinery and rig, pits, pipes and tanks. He might have been able to question with varying degrees of success the reasonableness and necessity of the extent to which appellant was using the surface of the land in its drilling operations and its good faith in wanting to fence part of the land at that particular place. It was of some benefit to the appellant to have the assurance from Allen that no objection of any kind would be made to such operations as the appellant saw fit, and in that sense the agreement to make no objection appears to us to be a promise sufficient to support the contract with the appellant, the new contract to forbear making any objections. These points are overruled.

■ By its 4th, 5th, 6th, 7th, and 8th points, the appellant attacks the court's findings that Teel was the agent and had authority to make the agreement with Allen to pay for the damages caused by the drilling operations. The appellant produced testimony from its district manager that Teel was Assistant Production Control Supervisor, and that as such he had no authority to amend agreements between it and landowners or to make agreements with landowners. Mr. Teel, himself, did not testify on the trial. The testimony of the district manager also was that it was Teel's duty to see that the drilling contractors carried out the terms of their contract and that he had to do and perform the duties that a supervisor must do on a job like that. The evidence is clear that Teel was the man who went to see Allen in behalf of the ap-

pellant about beginning drilling operations on Allen's land, and that after a conversation between Teel and Allen the company went ahead with its drilling operations there. So far as Allen could see, Teel was the man representing the appellant and from his position and actions as supervisor it was not unreasonable for Allen to assume and believe that Teel was the man who had the duty and authority to see that the drilling operations began and were carried forward; that it was Teel's duty also to get the drilling operations started, that it was for the benefit of his company that the operations began without any objection or controversy on the part of Allen. Agency may be established by circumstances such as the relation of the parties and their conduct concerning the transaction in controversy. Stripling v. Hoing, Tex.Civ.App., 203 S.W.2d 1016. We find no error in these points and they are overruled.

Under its 9th, 10th, 11th, 12th, 13th and 14th points, the appellant complains of the trial court's findings as to damages. The trial court appears to have viewed the appellees' suit as a cause of action based both on the new oral contract brought about by the conversation between Allen and Teel, and the original contract to pay for damages to growing crops contained in the oil and gas lease. The confused condition of the evidence and the rulings of the court on admission of evidence, and the findings of fact which were made regarding damages, are all undoubtedly caused by the failure of the court to sustain the special exceptions to appellees' pleadings. Since the appellees were not required by the court to plead what particular contract they were suing on, the trial court heard and considered evidence as to damage to the pasture grass as a growing crop and also considered temporary damage to the land and some elements of damage which were permanent. If a more precise pleading had been required, the appellees would have undoubtedly alleged the details of the contract they sued upon and the damages suffered by them by the breach thereof. Without going into further

detail in a discussion of this question, it is pointed out that when the appellant procured the oil and gas lease on the appellees' land it acquired the dominant interest and estate in the land for the purpose of drilling for oil and gas and permanent injuries to the land were paid for when it bought the lease contract. The measure of damages to growing crops is the value of the crop as it stood on the ground at the time and place of its destruction, such value to be determined by the probable yield of the crop and its reasonable market value when matured, less the cost of cultivating, harvesting and marketing. 13 Tex.Jur., page 50 and cases cited. There is no evidence here as to the cost of planting, cultivating and harvesting the crop of grass and hay, no evidence as to the market value of the land before and after permanent or temporary injury, no evidence as to the cost of repairing temporary damage. All of this requires the holding by us that the evidence in the record is insufficient to support the trial court's finding of damages to the crops or damages to the land in the sum of $950.

By its points Nos. 15, 16 and 17, the appellant complains of the court's finding that the grass, lespedeza and clover, was considered a growing crop. It has been held that natural grasses, shrubs and trees are not considered in law growing crops, but all plants which are planted and cultivated are considered growing crops. The evidence is not very full as to this crop but Allen did testify that he planted, fertilized and cultivated it as a pasture crop. Under these points appellant argues that appellees were not suing on the agreement in the lease contract by which the appellant agreed to pay for damages to growing crops and that he cannot recover for such damages. As pointed out above, we believe that the trial court viewed the suit of the appellees as one upon both the agreement in the lease contract and the new agreement between Allen and Teel under which appellant was bound to pay for all damages. In view of the fact that the judgment must be reversed and remanded for another trial, because of

the errors pointed out above, we do not believe that these points are of great importance on this appeal but on another trial we believe that the pleadings will be more exact and the issues between the parties as to rights, duties, damages and liabilities will be more clearly drawn than they are here.

By its 18th point of error the appellant complains of the trial court's refusing its demand for a jury. The case was set for trial November 23, 1955, and the jury fee and request for jury were filed November 16, 1955. Since this was not done within the time limit prescribed by Rule 216, T.R.C.P., the trial court had discretion as to whether he should allow a late jury demand or not, and it was not error to refuse the jury demand under these circumstances.

Because of the errors discussed above, the judgment of the trial court is reversed and the cause is remanded for a new trial.