LLANO COUNTY v. W. T. MOORE.
No. 6547.

1.  **Commissions of County Treasurer.**—That the County Court cashed county bonds, deposited the money realized in a bank, and drew out the money will not deprive the county treasurer of his commissions upon the money so realized and disbursed.

2.  **County Funds.** — The county treasurer is the legal custodian of the county funds. Orders otherwise by the County Court do not affect his rights as treasurer.

3.  **Commissions on Money Realized upon County Bonds.**—In a contest by a county treasurer for commissions upon money realized upon the sale of county bonds the question of the legality of the issue of the bonds can not be raised by the county.

4.  **Settlement of County Treasurer's Account.**—While the settlement of the account of a county treasurer on his going out of office is presumably a full settlement, the treasurer is not thereby estopped from proving that other items were in fact not included therein.

5.  **Parol Evidence of Amount of Fees of County Treasurer.**—It was not error in the trial court to permit the treasurer to testify that he received as such $600 a year. If the exact amount received had been material and in controversy, the records of the County Court would have been better evidence and could have been insisted upon.

6.  **Hearsay — Practice.**— The answers of a witness testifying by deposition to a question developed the fact that he testified upon information had from another. *Held,* that the testimony was hearsay and incompetent. The court properly excluded the answer, and also the same statements when brought out on cross-examination in answer to a cross-interrogatory. Such statements are not testimony.

APPEAL from Llano. Tried below before Hon. A. W. Moursund. The opinion states the case.

*E. C. Bonham* and *E. J. Darden,* for appellant, cited Russell v. Cage, 66 Texas, 428; 1 Dill. on Mun. Corp., p. 297; Robertson v. Breedlove, 61 Texas, 324; Dodd v. Arnold, 28 Texas, 97; Loving v. Dixon, 56 Texas, 75; 1 Greenl. on Ev., 13 ed., 105; Rev. Stats., art. 684.

No brief for appellee on file.

HENRY, ASSOCIATE JUSTICE. — During the term of office of appellee as county treasurer of Llano County the county constructed a court house. The county made a contract with one White to build the house upon substantially the following terms of payment: That the county should issue its bonds and sell them and place the proceeds in some safe bank in the city of Austin, to be drawn out and paid to White as he earned the money. White agreed to pay all exchange and discount upon the bonds and all interest that might accrue on them previous to their being earned by him.

Under this agreement bonds were issued and sold and the money was deposited in a bank in the city of Austin.

From time to time, as it was earned by the contractor, the money was drawn from the bank through orders signed by the county judge and paid to the contractor. The county treasurer, it seems, had no official connection with the transaction.

Shortly after a final settlement was had between the county and the contractor the treasurer made a final settlement with the county and turned his office over to his successor.   In his settlement no mention was made of the aforesaid transaction.

The treasurer more than a year after he went out of office brought this suit to recover his commissions as for receiving and disbursing said money. Upon the verdict of a jury judgment was rendered in his favor.

By its first assignment of error the county raises the question of the legality of the bonds.

We do not think that that question is a proper issue in this cause.   If the bonds were in fact issued and sold and the money was paid to the county, the county treasurer and not a private bank was made by law its custodian; and it has been decided by this court that he is entitled to his commissions on all county funds collected during his term of office. Wall v. McConnell, 65 Texas, 397.

The court was requested to charge the jury, in effect, that plaintiff having made a final settlement of his accounts with the county without mention of this claim, is estopped from recovering unless he alleges and proves that the omission was occasioned by fraud or mutual mistake.

We find no error in the action of the court refusing to give this charge. In the absence of proof to the contrary it will be presumed that the treasurer's settlement includes all of his official transactions with the county.

The evidence in this case conclusively shows that the claim now in issue was not included in any settlement, and we can see no good reason why its mere omission from a former settlement should be made to involve its entire loss.   Under such circumstances we do not think that interest on the claim should be allowed, and none was allowed by the judgment.

It is complained that the court erred in permitting the plaintiff to testify that he received "about $600 per annum as county treasurer."   The objection made was that the minutes of the Commissioners Court of the county were better evidence of the amount of fees allowed him.

The statute provides that the commissions allowed a county treasurer shall never exceed $2000 annually.   The evidence was admissible for the purpose only of showing that his fees did not exceed said sum.   The issue was not as to what he received, but it was that he had not received as much as a given sum.

We do not think that the rule invoked demanded that the minutes of the Commissioners Court should have been produced only for the purpose of showing that the treasurer's compensation did not exceed a given amount.   If a controversy had existed as to the exact amount received such evidence might have become necessary.   Neither the pleadings nor the evidence contain any suggestion that the commissions allowed, added to the amount of the judgment in this case, would exceed the limit prescribed.

The defendant took the deposition of a witness, one of whose answers to an interrogatory propounded by it was stricken out because it was hearsay. The bill of exceptions states that afterwards the plaintiff "introduced the testimony of said witness in answer to cross-interrogatory No.— propounded by plaintiff to said witness, when said witness made answer thereto as above proposed to be proved by defendant when defendant offered said answer of said witness in response to plaintiff's cross-interrogatory." The court refused to admit the testimony, adhering to its first ruling on the subject.

There was no error in this. The evidence was clearly inadmissible in answer to direct or cross-interrogatory, and was properly excluded when objected to, without regard to the aspect in which the question was presented.

The judgment is affirmed.

*Affirmed.*

Delivered May 30, 1890.