ASHLEY v. HOLLAND.   (No. 7409.)

(Court of Civil Appeals of Texas. Dallas. Nov. 13, 1915.)

1. EVIDENCE ⊚&#8594;434—VENDOR AND PURCHASER ⊚&#8594;343—PAROL EVIDENCE—QUANTITY OF LAND.

Where plaintiff sold land at $65 an acre, representing orally and by his deed that the several tracts contained 267 acres, though knowing that such tracts did not contain so much, the buyer, relying upon the representation as to the acreage and giving his dry goods store as part of the price, could recover of the seller $65 each for the 9 acres deficient, since where land is in fact sold by the acre under a misapprehension of its acreage, caused by fraud, as in the present case, accident, or mistake, the buyer may recover for the deficiency, and parol evidence is admissible to show it.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 2005–2020; Dec. Dig. ⊚&#8594;434; Vendor and Purchaser, Cent. Dig. §§ 1023–1029; Dec. Dig. ⊚&#8594;343.]

2. VENDOR AND PURCHASER ⊚&#8594;349—QUANTITY OF LAND—RECOVERY FOR DEFICIENCY—ALLEGATION OF FRAUD—"FRAUD."

Where the petition of a buyer of realty alleged that defendant seller represented that the land contained 267 acres, though knowing at the time that such was not the case, and that the buyer relied upon such representations as to the acreage, such petition sufficiently averred fraud, though nowhere using the word itself to denounce the seller's representations, to admit parol evidence to show the shortage in the lands, since the facts alleged constituted fraud in law, while fraud need not be pleaded as such, as it is a conclusion of law from alleged facts, and not a fact itself.

[Ed. Note.—For other cases, see Vendor and Purchaser, Cent. Dig. §§ 1033, 1039–1042; Dec. Dig. ⊚&#8594;349.

For other definitions, see Words and Phrases, First and Second Series, Fraud.]

3. VENDOR AND PURCHASER ⊚&#8594;350 — QUANTITY OF LAND—DEFICIENCY—SUFFICIENCY OF EVIDENCE.

In an action by a buyer of land at a price per acre to recover for a nine acre deficiency, evidence *held* to support a finding that defendant represented there were 267 acres, which statement was believed and relied upon; it subsequently being found there were only 250 acres.

[Ed. Note.—For other cases, see Vendor and Purchaser, Cent. Dig. §§ 1043–1046; Dec. Dig. ⊚&#8594;350.]

4. APPEAL AND ERROR ⊚&#8594;1001 — REVIEW — FINDINGS ON CONFLICTING EVIDENCE.

An appellate court can disturb the trial court's finding only where it is without any supporting evidence, since it is the prerogative of the trial judge to solve conflicts in evidence.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3922, 3928–3934; Dec. Dig. ⊚&#8594;1001.]

5. VENDOR AND PURCHASER ⊚&#8594;34—QUANTITY OF LAND—"MISTAKE."

Where the seller of land by the acre told the buyer there were 267 acres, the buyer having confidence in the seller, believing the statement, and relying implicitly thereon, subsequently finding that there were only 258 acres, the misconception of the buyer as to the amount of land was due to fraud, in contemplation of law, and was not an instance of "mistake," which is an erroneous mental condition, conception, or conviction induced by ignorance, misapprehension, or misunderstanding of the truth, but without negligence, resulting in some act or omission done or suffered erroneously by one or both of the parties to a transaction, but without its erroneous character being intended or known at the time.

[Ed. Note.—For other cases, see Vendor and Purchaser, Cent. Dig. § 39; Dec. Dig. ⊚&#8594;34.

For other definitions, see Words and Phrases, First and Second Series, Mistake.]

6. APPEAL AND ERROR ⊚&#8594;854 — HARMLESS ERROR—INCORRECT REASON.

The assignment by the trial court of an erroneous reason for taking action, correct on other grounds, is harmless error.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3403, 3404, 3408–3424, 3427–3430; Dec. Dig. ⊚&#8594;854.]

7. VENDOR AND PURCHASER ⊚&#8594;352—QUANTITY OF LAND—DETERMINATION OF DEFICIENCY—QUESTION OF FACT.

In an action by a buyer of land by the acre for a deficiency in the number of acres conveyed, the issue of whether such deficiency exists is, under appropriate pleading, a question of fact aliunde the deed for the determination of court or jury.

[Ed. Note.—For other cases, see Vendor and Purchaser, Cent. Dig. § 1059; Dec. Dig. ⊚&#8594;352.]

8. EVIDENCE ⊚&#8594;379—PROOF OF SURVEY.

In an action by a buyer of land by the acre to recover for a deficiency, where a county surveyor testified that such part of his notes as were used by a second surveyor in making a last survey were correct, and such second surveyor swore that his notes were correct, such mode of establishing the correctness of the last survey, for a portion of which the second surveyor had been compelled to rely upon the county surveyor's notes, was proper.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. § 1656; Dec. Dig. ⊚&#8594;379.]

9. VENDOR AND PURCHASER ⊚&#8594;350 — REMEDIES OF PARTIES—SUFFICIENCY OF EVIDENCE.

In an action by the buyer of land by the acre against the seller to recover for a deficiency in acreage, the seller attempting to diminish the recovery on the ground that part of the stock of goods which the buyer had given him in part payment of the price was shopworn, evidence *held* insufficient to support the court's finding of the defective condition of the goods.

[Ed. Note.—For other cases, see Vendor and Purchaser, Cent. Dig. §§ 1043–1046; Dec. Dig. ⊚&#8594;350.]

10. APPEAL AND ERROR ⊚&#8594;1153—REFORMATION OF JUDGMENT.

The appellate court can reform the judgment to enter such a one as the lower court should have entered only when it appears that the facts have been fully developed and further competent evidence cannot be introduced to support the judgment below.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4507–4512; Dec. Dig. ⊚&#8594;1153.]

Appeal from District Court, Collin County; W. M. Peck, Judge.

Action by W. C. Holland against J. W. Ashley. Judgment for plaintiff, and defendant appeals. Affirmed.

J. R. Gough, of McKinney, for appellant. Wallace Hughston, of McKinney, for appellee.

RASBURY, J. Appellee sued appellant in the court below to recover judgment for $585, basing his right thereto on the ground that he purchased from appellant three tracts of land which appellant represented con-

tained 267 acres, but which, when surveyed, disclosed a deficiency of 9 acres, and for which he had paid $65 per acre. Appellant pleaded, omitting that portion of his answer raising issues not presented on appeal, that he conveyed said land to appellee in exchange for a stock of general merchandise owned by appellee, and that in making the exchange of properties no representations were made concerning the quantity of land, but that appellee accepted same as it was pointed out to him without reference to the number of acres actually contained in the several tracts. Further, by way of reconvention, appellant alleged that appellee represented to him that the merchandise taken by appellant in exchange for his lands was fresh and new and reasonably worth the price appellant agreed to pay therefor, while in truth same was old, shelfworn, and worth $1,000 less than the price agreed to be paid, for which amount appellant sought judgment over against appellee. Any further reference necessary to be made to the pleading will be made in considering the assignments of error.

There was trial before the court, who filed conclusions of fact and law. The conclusions of fact are as follows:

(1) That on the 24th day of December, 1908, defendant exchanged three tracts of land in Hunt county, Tex., described in plaintiff's petition, with plaintiff for a stock of goods in Whitewright, Tex., at marked cost, amounting to $19,-000, plaintiff receiving from defendant in money $1,645, which was for the excess in value of said stock, and defendant and his wife executed a warranty deed to said land to plaintiff, in which deed, after the description, were the words "containing 267 acres of land," and the purchase price agreed upon for the land was $65 per acre, amounting to the sum of $17,355 for 267 acres.

(2) That prior to the execution of said deed there were negotiations between the parties in which defendant represented to plaintiff that there were 267 acres in said three tracts of land, and plaintiff represented to defendant that the stock of goods was in good condition. That the respective parties believed and relied upon said respective representations, and a written contract for the exchange of property was signed by said parties before the property of either was delivered to the other.

(3) That on account of pressing business of defendant the land was not surveyed at the time of the trade, but that defendant went with plaintiff and showed him over the land and represented to him that there were 116 acres in one tract, 50 acres in another, and 101 acres in another, and that the tracts contained 267 acres. That about the 15th day of September, 1911, plaintiff sold the land to J. M. Porterfield and had it surveyed, and then found said tracts contained 258 acres only, and plaintiff made good the shortage of 9 acres to Porterfield. That there was a mutual mistake as to the number of acres, which the court finds to be 258 acres, being a shortage of 9 acres in said 116 acres tract, of the value of $585. That plaintiff called on defendant to pay him $585 for the shortage in said tracts of land which defendant failed and refused to pay, and plaintiff filed this suit on the ——— day of ———, 191—.

(4) That said sale was not in gross, but was taken in said exchange at 267 acres valued at $65 per acre.

(5) That the parties agreed that plaintiff's said stock of goods was to be taken by defendant in exchange at marked cost; that is, the price marked upon the goods. That plaintiff showed defendant through the store in order for him to examine said goods, and the defendant did examine the goods, except that he was not shown and did not examine a portion of the goods, valued at $3,000, which were under counters or behind curtains, and after the trade was made, and while the invoice was being taken, defendant found that some of said portion were not in as good condition as the goods defendant had examined. The court finds that plaintiff did not intend to deceive defendant by failing to show him the goods which were under counters or behind curtains, but that defendant was misled as to the condition of said portion of the goods until the invoice was being made.

The conclusions of law are as follows:

1. There being a mutual mistake in the number of acres of land, and there was a shortage therein of 9 acres, at $65 per acre, amounting to $585, for which plaintiff is entitled to recover, less a reduction of $250 as hereinafter stated.

2. That in seeking equity plaintiff is required to do equity, and that a portion of the goods given by him in exchange for said land not being in as good condition as represented, it is adjudged by the court that same reduced the value of said stock $250, which should be deducted from the said sum of $585, for equity will not protect an unfair advantage.

3. Wherefore I conclude that plaintiff is entitled to recover the sum of $335 of defendant, with interest thereon at 6 per cent. per annum from January 1, 1909, $103.90, being principal and interest $438.90.

Judgment, and from which this appeal is taken, was in accordance with the conclusions of law.

The first assignment of error is that the court erred in overruling appellant's general demurrer leveled against the sufficiency of appellee's petition, the effect of which is to assert that it does not state a cause of action. The essential portions of appellee's petition, omitting formalities and the description of the lands, are, in our own language, that appellant represented to appellee orally and in writing that he was the owner of certain tracts of lands in Hunt county, Tex., which contained 267 acres, and that appellee relied on such representations, and so relying bought the land of appellant, who executed deed therefor representing and describing said land as containing 267 acres, upon which appellee also relied, and for which appellee paid at the rate of $65 per acre; that subsequently and upon actual survey it developed that said several tracts of land actually contained only 258 acres of land; that the appellant at the time of said transactions knew that said tracts of land did not contain 267 acres of land, or, if he did not know it, he was in possession of facts which placed him upon notice thereof; that appellee did not discover that said tracts of land did not contain 267 acres until nearly three years after purchasing same; but that his failure to sooner discover that fact was due to the assurance of appellant, who deferred survey at the time of purchase because of other pressing business matters, that there were not 267 acres therein, and the deficiency was discovered only when appellee subsequently sold to another. The deed from appellant to ap-

pellee was attached to the petition, and was the usual form of general warranty deed, and described the land as containing a total of 267 acres.

[1, 2] Do the foregoing facts state a cause of action? This court has held that:

"It seems to be settled law by the decisions of this state that the general covenants of warranty in a conveyance of land applies to the title and not to the quantity of the land, and hence such covenant is not broken by a deficit in the number of acres named in the deed, even though the land may have been sold by the acre." Mosteller v. Astin, 129 S. W. 1136, and cases cited.

In the case just cited it is also said that, in cases of sales of land in bulk and a resulting deficiency in quantity, "parol evidence is only admissible to show the shortage, and that the land was in fact sold by the acre, when allegations of fraud, accident, or mistake" are in that respect made. The effect of appellee's petition is that appellant represented orally and by his deed that said several tracts of land contained 267 acres of land, though he knew at the time that said tracts did not contain as much, and that appellee relied upon such representation as to the acreage of said lands. The petition must, as we have said, show fraud, accident, or mistake. That it does not show accident or mistake is obvious, and appellant asserts that it also fails to show fraud. It is true that the petition nowhere by the use of the word itself denounces the representations of appellee in connection with the number of acres of land contained in the several tracts as "fraudulent." But the very facts alleged in the petition, if true, in law nevertheless constitute fraud. For it is not correct to say that it is necessary for the pleader to declare that the facts alleged as the basis for the litigants' relief are in fact fraudulent for the obvious reason that fraud is not a fact but a conclusion of law from alleged facts, since representations which have the effect of misleading or deceiving another or influencing his conduct in a material matter are in the eyes of the law the perpetration of a fraud. That the allegations of the petition in the instant case, if true, show as much, we believe to be clear. Accordingly, we think the general demurrer was properly overruled, and that the court's action in that respect discloses no error.

[3, 4] It is next urged that the court erred in his third finding of fact, because not supported by the pleading and proof. The effect of the finding complained of is that appellant went with appellee upon the land and represented to him that one tract contained 116 acres, one 50 acres, and another 101 acres or a total of 267 acres, but that because of other pressing business matters appellant deferred a survey of the land assuring appellee at the time that the several tracts did contain 267 acres, but that afterwards when appellee sold the land it was surveyed and a deficiency of 9 acres shown, and that hence there was a mutual mistake of the parties. We have already stated the effect of the pleading of appellant which, in our opinion, was sufficient to admit proof of all the facts found by the court in the finding complained of, save the issue of mutual mistake, to which we will refer but shortly. We have also carefully examined the evidence of appellee in reference to what occurred between him and appellant concerning the number of acres in the several tracts of land, and in our opinion his evidence supports the finding of the court in that respect. The appellee testified unequivocally that appellant told him there were 267 acres, and that, having confidence in appellant, he believed the statement and relied implicitly thereon, and that subsequently it was found that there were only 258 acres in the tracts. On the question of surveying the land, said witness testified that appellant gave as his reason for deferring the survey the fact that it was close to the holiday season, and that he wished to give all his immediate time to disposing of the merchandise he had just acquired from appellee, as well as that contained in another store that appellant owned. The evidence in reference to these matters was before the court, acting as judge and jury, and is sufficient to sustain his finding. True, appellant denied the facts to which appellee testified and gave another version of the transaction, which would have sustained a judgment for him had the court accepted his version of the transaction. But, as we have said, it was the exclusive prerogative of the trial judge to pass upon and solve such conflict, and, when he has done so, we are without authority to disturb his conclusions, save in cases where there is a lack of any supporting evidence.

[5, 6] As relates to that portion of the finding where it is stated that the deficiency in the land was due to a "mutual mistake" of the parties we readily concede there is no evidence to support such a finding; that is to say, not that the evidence does not sustain the judgment of the court as finally entered, but that the facts found by the court do not disclose mistake, but disclose misrepresentations, innocent doubtless, but nevertheless misrepresentations and consequent legal fraud. Mistake, or "mutual mistake," as it is often written, is a legal term arising upon proven facts. It is defined—

"as an erroneous mental condition, conception or conviction, induced by ignorance, misapprehension or misunderstanding of the truth, but without negligence, and resulting in some act or omission done or suffered erroneously by one or both the parties to a transaction, but without its erroneous character being intended or known at the time." Lott v. Kaiser, 61 Tex. 665.

Hence the finding by the court that there was a "mutual mistake" was a conclusion of law rather than a finding of fact, and is immaterial so far as relates to the correctness of the judgment. This is borne out by the court's separate conclusions of law, which

we have copied herein, and from which it appears that in the court's opinion the facts found by him constitute in law mutual mistake, whereas correctly they constitute legal fraud, which in the final analysis is but giving an incorrect reason for doing a thing correctly and which being true is no ground for reversal, since it in no respect changed or altered the facts disclosed at trial or could have affected the result.as portrayed by the judgment.

[7] The third assignment of error relates to the finding by the court that the sale was by the acre and not in bulk, and the first proposition thereunder is that whether the sale is by the acre or in bulk is a matter of law arising upon an inspection solely of the deed. We have, in passing upon the action of the court in overruling appellant's general demurrer, stated the settled rule in such cases, which to repeat is, briefly, that in cases of alleged fraud, accident, or mistake, parol evidence is admissible to show a deficiency in the lands conveyed by deed, and that the land was in fact sold by the acre. Such a case was made by the pleadings in the instant case and was supported by the evidence, as we have shown at another point in this opinion. The issue in such cases under appropriate pleading is a question of fact aliunde the deed for the determination of the court or jury, as the case may be. What we have just said also disposes of the second proposition under the third assignment of error, since it has for its basis a question of fact decided by the court against the contentions of appellant.

[8] The fourth assignment of error asserts that the finding of the court (in answer to special interrogatory propounded by the appellant to the court in the manner of submitting special issues to the jury) that the deficiency was in the 116-acre tract was without support in the evidence. This claim is based upon the method of surveying the 116-acre tract. The evidence discloses that one surveyor surveyed all portions of that tract except where bounded by a creek. That portion was not surveyed by him because the waters of the creek were high and it was impossible to follow its meanders. Prior to the survey just detailed, the county surveyor surveyed the entire tract, and the last surveyor used the notes of the county surveyor along the lines of the creek in reaching his conclusions. The county surveyor was a witness and testified that his notes so used by the last surveyor were correct, and the latter, also a witness, swore that his notes were correct. We can see no objection to this method of establishing the correctness of the survey. It has surely established the correctness of the survey as it would have been established if one of the surveyors had sworn to the correctness of all the field notes.

The fifth and sixth assignments of error are reiterations of assignments already considered by us, but presented in dissimilar manner and which are for reasons already given overruled.

[9, 10] As will be seen from the court's conclusions of law, he allowed appellant an offset of $250 against the claim of appellee. This action was based upon the finding of the court that a portion of the merchandise given by appellee in exchange for appellant's lands, which were under counters and behind curtains and not examined by appellant, were not in as good condition as those actually examined by appellant. The action of the court in the respect stated is challenged by appellee by proper cross-assignment as being without support in the evidence. As we have stated, the claim was properly pleaded. The evidence in support of the appellant's claim and upon which the court below based its judgment is the testimony of appellant as follows:

"It was an exchange of the land for the goods, and the goods were a general mercantile stock; I do not mean dry goods and groceries, but it was dry goods and clothing, shoes and hats, general dry goods store. The stock of goods invoiced after the trade was made practically $19,000, and I paid him something over $2,000 difference. I gave him a check for that on the Planters' National Bank. There were about 50 or 60 per cent. of those goods that were very good goods, but there were something like about $3,000 or $4,000 worth that was under the shelving or under the counters and the counters had curtains down over the sides, that I didn't know was there until after we went into the invoice. I just made the statement then that I didn't understand it to be on that basis, that I didn't know those goods were there. Those goods were not as good goods as the goods I had seen when I inspected them before the sale."

The question then arises: Is the evidence just quoted, which is all the evidence in the statement of facts on the issue and which is our guide in such matters, sufficient to sustain the judgment of the court? We conclude that it is not. A favorable analysis of the evidence discloses no more than that appellant testified that about 50 or 60 per cent. of the merchandise was very good, but that while he was invoicing the same other merchandise, of the invoice value of $3,000 or $4,000, was found under counters and curtains that he did not see when he originally inspected the stock, which was not as good as that he actually inspected. This evidence, in our opinion, does not afford a basis for the court's finding. The evidence lacks certainty and probative force. It does not attempt to show what was the real value of the merchandise that was not as good as that which is said to be very good. Whether the merchandise under the shelves and behind curtains was worth 25, 50, or 75 per cent. of marked cost (the basis of the trade), is not shown. Some such proof was necessary to be made as a basis for any finding in respect to the actual value of the goods, since it is obvious that it could have been made. In the absence of such proof, the judgment, in view of the burden cast by law upon the litigant asserting a fact es-

sential to his right of recovery, ordinarily will not be permitted to stand; but, in connection with what has just been said, appellee requests us, in the event we conclude his cross-assignment well taken, to reform the judgment so as to deny appellant the $250 allowed by the trial court and so as to allow him that amount additional on his judgment, but if such order cannot be entered to affirm the case. We conclude we are without authority to reform the judgment in the manner stated, for the reason that we may enter such judgment as the lower court should have entered, only when it appears that the facts on the particular issue have been fully developed and that further competent evidence might not be introduced which would support the judgment. It is clear that the appellant's cross-action is susceptible of sustaining proof which was not introduced at trial. Accordingly, the judgment as requested by appellee is affirmed.

Affirmed.

---

⬅⟿For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes