**POTTER COUNTY v. BOESEN.   (No. 3017.)**

(Commission of Appeals of Texas, Section B. May 19, 1920.)

**1. Appeal and error ☞1099(6)—Sufficiency of petition held settled by former appeal.**

The sufficiency of the petition as against a general demurrer was settled by a former appeal, in which a judgment sustaining a general demurrer was reversed and writ of error denied.

**2. Counties ☞140—Collection of delinquent taxes not condition of liability for publishing delinquent list.**

Under the law it is the duty of the commissioners' court of the county to have the delinquent tax list published and to pay for such publication, and such obligation to make payment is not dependent on collection of the taxes.

**3. Newspapers ☞2—Liability for publication of delinquent tax list not made contingent by contract.**

A contract for the publication of the delinquent tax list, providing for payment "as delinquent taxes are paid into the hands of the tax collector," did not make compensation for publishing the list dependent on the collection of the tax, but merely fixed the time for payment.

**4. Newspapers ☞2—Liability payable as taxes were collected matured after a reasonable time.**

Under a contract for publication of the delinquent tax list providing for payment, as the taxes were paid the debt matured when the county had been given a reasonable time in which to exhaust the remedies provided for the collection of the tax.

**5. Newspapers ☞2—Petition sufficient as to failure of county to collect delinquent taxes from which payment was to be made.**

In a suit for compensation for publishing the delinquent tax list under a contract providing for payment as the taxes were paid, a petition, alleging that a reasonable time for payment of the debt had expired, sufficiently alleged, as against general demurrer, the failure of the county to perform its duty to proceed expeditiously to the enforcement of the obligation of the taxpayers.

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

**6. Newspapers ⊜⊃2—Reasonable time for collection of delinquent taxes held to have expired.**

Where a contract made in 1907 for publication of the delinquent tax list provided for payment as the taxes were paid, a reasonable time in which to have disposed of the tax litigation had expired when the claim for compensation was presented and rejected in 1913.

**7. Appeal and error ⊜⊃173(10)—That action was premature not ground for reversal, where question of abatement was not presented.**

In a suit for publishing the delinquent tax list under a contract providing for payment as the taxes were paid, where the action was brought prior to the expiration of a reasonable time for collection of the taxes as found by the jury, but an amended petition was filed after the date so found, and no question of abatement was presented, the judgment could not be disturbed because the suit was prematurely brought.

Error to Court of Civil Appeals of Seventh Supreme Judicial District.

Action by P. E. Boesen against Potter County. A judgment for plaintiff was affirmed by the Court of Civil Appeals (191 S. W. 787), and defendant brings error. Affirmed.

Roy C. Johnson, M. J. R. Jackson, and C. E. Gustavus, all of Amarillo, for plaintiff in error.

Madden, Trulove, Ryburn & Pipkin, of Amarillo, for defendant in error.

SADLER, P. J. This was a suit instituted in the district court of Potter county by P. E. Boesen for the recovery of compensation due under a contract with the county for publication of the delinquent tax list for the years 1885 to 1905, inclusive. The contract for publication was made September 21, 1907. It provided for "payment for publication to be made as delinquent taxes are paid into the hands of the tax collector." Publication was made in accordance with the contract, and accepted about December 21, 1907. The compensation due under the contract was $3,700 —$275 of which was paid, leaving a balance due of $3,425. Claim for this was presented to the commissioner's court, and rejected August 12, 1913. Suit was filed immediately.

It is alleged in the petition that the contract contemplated that the debt should be paid within a reasonable time, which had expired. An amended petition was filed April 24, 1916, alleging the maturity of the contract at the time of the presentation and rejection of the claim, and also at various sundry times subsequent thereto. The jury found that a reasonable time expired on April 22, 1916. No plea in abatement appears in the record. For further statement, reference is made to the opinions of the Court of Civil Appeals in 173 S. W. 462, and 191 S. W. 787.

[1] The first appeal was from a judgment sustaining a general demurrer to the petition. The judgment was reversed, and writ of error denied. The committee of judges granted this writ in the view that the general demurrer should be sustained. It appears to us that the former appeal settled this question. On the trial judgment was rendered in the lower court against the county for the balance due on the claim, and on appeal this judgment was affirmed by the Court of Civil Appeals at Amarillo, and is before us upon writ of error.

The first assignment of error calls in question the correctness of the holding of the Court of Civil Appeals in sustaining the action of the lower court in overruling the general demurrer to plaintiff's second amended original petition. The proposition is that the contract for publication was conditioned that the plaintiff should be paid for his services as the delinquent taxes were paid into the hands of the tax collector, that such payments were conditions precedent to liability, and the petition contained no allegations that payments had been made, or of a refusal or neglect to collect the taxes.

[2, 3] We think the Court of Civil Appeals correctly disposed of this demurrer. We are of opinion that the contract did not make the liability of the county depend upon the collection of the tax. Its liability arose by virtue of the responsibility resting upon the county to proceed in accordance with law in doing the things requisite to suit for the recovery of the delinquent tax. One of the necessary things to be done, as provided by statute (Vernon's Sayles' Ann. Civ. St. 1914, art. 7687), was the publication of the delinquent tax list. The law made it the duty of the commissioners' court to have this done, and made it incumbent upon the county to pay for it. Within the statutory limits prescribed, the county became liable to pay from its general revenue the contract price for the publication of the tax lists. Its obligation under the law to make this payment would not depend upon the collection of the tax. If the statute were to be construed to so provide, then indeed might the county have procured the valuable services of the plaintiff without the hope of fee or reward accruing to him. The county might never have collected any of the tax. Every tax suit might have been defeated, and thus payment and liability escaped. This is not the intention of the statute, nor the provision of the contract.

The contract on its face does not contemplate that the compensation to the printer shall depend upon the collection of the tax. It is an obligation at all events, to pay for the services rendered. It undertakes to stipulate with reference to the maturity of the

---

⊜⊃For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

obligation of payment, and the sentence, "Payment for publication to be made as delinquent taxes are paid into the hands of the tax collector," is an effort to fix the time of payment.

[4] The parties contracted with reference to the law as it existed touching the subject of the contract, and in the interpretation of the provisions of the contract the statutory enactments must not be overlooked. A reasonable construction of the contract is that the obligation to pay matures when, in view of the method provided for the collection of the taxes, they ought to be paid to the collector. Under this view, when the county had been given a reasonable time in which to exhaust the remedies provided for the collection of the tax, the debt matured. The statute contemplates that upon the completion of the publication of the tax list in accordance with law, the commissioners' court or the county judge should expeditiously proceed to the enforcement of the obligation of the delinquent debtors. We do not think it is necessary to have alleged more certainly the failure of the county to perform this duty than is shown by the allegations of the petition charging that a reasonable time for payment of the debt contracted to the plaintiff had expired. Certainly, as against general demurrer, the petition was sufficient in this regard. If the position taken by the county were to be given effect, then indeed might plaintiff have been completely deprived of any compensation for his services or of the enforcement of his contract. The county may have exercised all diligence in an effort to collect the tax, and may have completely failed so to do. Under defendant's contention, no cause of action would have accrued to plaintiff because the taxes had not been paid to the tax collector. We are of opinion that the contract is not capable of a construction in accord with the county's contention in this respect.

Plaintiff in error by the second assignment calls in question the correctness of the Court of Civil Appeals' judgment in sustaining the verdict of the jury. The proposition presented is that, the jury having found that a reasonable time for the collection of the tax expired April 22, 1916, and it appearing that the plaintiff's claim was presented and rejected August 12, 1913, and plaintiff having alleged that eight years was a maximum time within which said tax should have been collected, judgment should not have been rendered in his favor, but that it should have been rendered for the defendant, or that plaintiff's suit should have been dismissed, because prematurely instituted.

[5-7] We do not think that there is anything in the contention urged herein by the plaintiff in error. Regardless of whether the county made any effort whatever to collect the tax or not, we are rather of the opinion that as a matter of law on the pleadings and facts taken in connection with those matters of which the court takes judicial knowledge a reasonable time in which to have disposed of the tax litigation had expired at the time of the filing of the plaintiff's claim with the court and its rejection. The statute contemplates the expeditious trial of these cases, and gives them precedence in the courts. However, whether we are right in this or not, we think this question was correctly disposed of by the Court of Civil Appeals in its holding that, the jury having found as a matter of fact that a reasonable time had expired on April 22, 1916, and plaintiff's amended petition having been filed on April 24, 1916, and no question of abatement having been presented, the judgment could not be disturbed on this account.

The third assignment is based upon the proposition that the judgment is contrary to the law and the evidence. What has already been said with reference to the previous questions disposed of this assignment.

In our opinion, under the law applicable to the facts pleaded and proved, the judgment is amply sustained. We recommend that the judgment of the Court of Civil Appeals be affirmed.

PHILLIPS, C. J. We approve the judgment recommended in this case.