## ELLERD v. MURRAY. (No. 1911.)*

(Court of Civil Appeals of Texas. Amarillo. Oct. 11, 1922. Rehearing Denied Jan. 3, 1923.)

1. **Witnesses**   ⊜⊃275(6)—**Cross-examination held irrelevant.**

In broker's action against owner of land for commission where he was also to have a commission from the purchasers, question asked him on cross-examination as to the nature of a settlement made with the purchasers *held* properly excluded, as it did not seek to test the memory of the broker, but to elicit irrelevant testimony.

2. **Brokers**   ⊜⊃85(1)—**Evidence of settlement between broker and purchasers immaterial in action against owner.**

Where the owner and purchasers of land were not jointly liable for broker's commission, but each was to pay his own commission, the broker had a right to settle with the purchasers for less than the amount originally agreed to be paid, and such settlement could not affect his right against the owner, and hence such settlement was not admissible in a suit against the owner involving a dispute as to the amount agreed to be paid.

3. **Brokers**   ⊜⊃82(1)—**Allegation that purchasers also agreed to pay commission held immaterial, in action against the owner.**

In broker's action against an owner of land for commissions, allegation that the purchasers also agreed to pay a commission was immaterial.

4. **Appeal and error** ⊜⊃204(1)—**Duty to hold evidence incompetent, though brought out without objection.**

Though clearly inadmissible evidence was brought out without objection, it is the duty of the Court of Civil Appeals to hold it incompetent whether brought out on direct or cross-examination.

5. **Brokers**   ⊜⊃85(1)—**Evidence** ⊜⊃424—**Evidence admissible to show deal would have been closed but for defects in title.**

In an action by a broker for a commission, testimony that parties to proposed exchange postponed delivery of deeds until incumbrances

⊜⊃For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

*Writ of error dismissed for want of jurisdiction February 28, 1923.

on defendant's property were cleared was admissible to show that broker had earned his commission by. procuring parties, who would have closed the deals but for the defects in defendant's title, and did not contradict the contract of exchange.

**6. Trial ⬤⇒351(5)—Refusal of requested special issue not error in view of that submitted.**

In broker's action for commissions, the refusal of a special issue, requested by defendant, as to whether he ·promised to pay commissions before the final consummation of the deals and the passing of deeds, *held* not error, where the court submitted the issue whether there was any agreement as to when plaintiff's commission would be due; this bringing out the ultimate fact raised by the pleadings and being preferable, though either issue might have been submitted.

**7. Brokers ⬤⇒61(1)—Right to commission not defeated or postponed by delay or failure to consummate contract because of defects in title.**

A failure to consummate a contract for exchange of property by reason of the subsequent discovery of defects in the seller's title does not defeat a broker's right to commission, where the other contracting parties are ready, able, and willing to complete trade upon the original terms of listing, and such broker need not wait for his commission until the sale is actually consummated, since it is the duty of the owner to have his title in the condition in which he represents it to be.

**8. Appeal and error ⬤⇒925(2)—Appellate court cannot presume jury considered as testimony anything not submitted.**

As the appellate court cannot presume that the jury considered as testimony anything not submitted to them as such under the rulings of the court, where the pleadings were not offered in evidence by either party, it was not reversible error to refuse to instruct that pleadings did not constitute evidence upon the issue submitted.

·On Motion for Rehearing.

**9. Abatement and revival ⬤⇒40—Defense of prematurity is one in abatement and must be pleaded unless facts appear on face of petition.**

The defense that the suit is prematurely brought is one in abatement, and, unless the fact appears from the face of the petition, defendant must plead it in the due order of pleading.

**10. Appeal and error ⬤⇒1002—Jury's finding final on conflicting evidence.**

The jury's finding for defendant on an issue on which the evidence was conflicting settled the issue.

**11. Brokers ⬤⇒82(1)—Allegations in petition held sufficient.**

Allegations by a broker that defendant listed property with him for sale or exchange and promised to pay 2½ per cent. commission on value agreed upon, that the plaintiff under-took to, and did find parties ready; able, and willing to make an exchange, and that such parties entered into a "legal and binding contract and agreed upon the exchange value·of the defendant's property," and that demand had been made, and defendant had refused to pay, *held* sufficient to support judgment if sustained by competent testimony.

**12. Pleading ⬤⇒375—Plaintiff need not prove more than is necessary to recover.**

A plaintiff ‚need not prove more than is necessary to his recovery, though more be alleged.

**13. Evidence ⬤⇒143—Evidence directed to proof of immaterial issue is not relevant.**

Evidence is not made relevant by being directed to the proof of an immaterial issue. ·

**14. Appeal and error ⬤⇒837(1)—Pleadings presenting and evidence sustaining immaterial issue disregarded, though pleadings unexcepted to and evidence unobjected to.**

Pleadings which present, and evidence tending to sustain, an issue which is wholly immaterial, should be disregarded by the appellate court, even though the pleadings are unexcepted to and the evidence is unobjected to in the trial court.

**15. Appeal and error ⬤⇒930(3)—Court must presume finding that contract on which right to recover depended was bind'¬g.**

In support of a judgment recovered by a broker for procuring parties who contracted·to. make exchange of land, a finding by the trial court that the contract was binding *held* to be· presumed in view of the special issues submitted.

**16. Evidence ⬤⇒155(5)—Admission of irrele-. vant evidence without objection does not authorize other party to introduce further similar evidence.**

In broker's action for commissions, the admission without objection of immaterial and· irrelevant testimony that plaintiff had made a satisfactory settlement with the other parties to the contract as to their liability for commissions did not entitle defendant to introduce· further evidence upon such issue.

**17. Brokers ⬤⇒82(4)—Where petition alleged· that binding contract was entered into, it was not necessary to plead or prove that owner's. titles were defective.**

Where a broker alleged that he brought· parties together and valid binding contract was made, but the deal had not been closed because of claimed defects of title, it was not necessary for the broker to plead or prove that defendant's titles were defective.

**18. Appeal and error ⬤⇒854(2)—Appellate· court must affirm judgment if case has been correctly decided, though judgment based upon erroneous theory.**

If the case has been correctly decided upon any theory presented in the record, it is the duty of the appellate court to affirm, though the case may have been tried and a judgment rendered upon an erroneous theory, and though.

⬤⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

the appellate court may have improperly discussed that theory.

Error from District Court, Hale County; R. C. Joiner, Judge.

Action by H. H. Murray against R. M. Ellerd. Judgment for plaintiff, and defendant brings error. Affirmed.

Miller & Miller, of Fort Worth, M. J. Baird, of Plainview, and M. W. Stanton, of El Paso, for plaintiff in error.

G. E. Lockhart, of Tahoka, for defendant in error.

HALL, J. The defendant in error, a broker, filed this suit in the district court of Hale county, to recover commissions alleged to be due him from the plaintiff in error, Ellerd, alleging in substance that Ellerd listed with him for sale, or for exchange for royalty on oil land situated in Eastland county, certain lands owned or claimed to be owned by the plaintiff in error, situated in Hale, Floyd, and Swisher counties, together with certain city property in Plainview; that plaintiff in error promised and agreed to pay him 2½ per cent. commissions on the value of said lands so owned by plaintiff in error, which value was to be placed upon said lands by defendant in error, and agreed to by the prospective purchasers or parties with whom an exchange might be effected. He alleges further that he procured J. E. Gilbert, L. A. White, W. W. Speer, and W. P. Rankin, with whom plaintiff in error entered into contracts for the exchange of his said lands; that in each instance the plaintiff in error agreed with the several parties as to the value of the property conveyed and agreed to be conveyed and exchanged by him.

The plaintiff in error answered by general denial. There was a trial to a jury, which upon special issues found:

(1) That there was no agreement between Murray and Ellerd as to when defendant in error's commissions would be due.

(2) That under the terms of the agreement the amount of the commission should be based upon the exchange price of the several pieces of property.

There are other issues and findings which are immaterial to the contentions presented here. Based upon the findings of the jury, the court rendered judgment against plaintiff in error in the sum of $7,368.75.

[1, 2] The first proposition urged by plaintiff in error is:

"Since the testimony of the parties to the transaction was in direct conflict as to whether the commissions to be paid were to be based upon the actual value of the lands exchanged or their exchange price, and since the testimony of the defendant in error showed that he was to receive 2½ per cent. commissions from each of the parties to said contract, and since his testimony shows that he had made specific settlement with White, Gilbert, and Speer for the commission to be paid by them, it was error for the court to refuse to allow plaintiff in error to prove by defendant in error the nature of the settlement made with White, Gilbert, and Speer as a circumstance to enable the jury to determine whether the testimony of the plaintiff or of the defendant was true on the controverted issue as to the basis for calculation of commission."

It is insisted that this testimony was material because it is unlikely that the broker would make one arrangement for payment of his commissions with Gilbert and others and demand another and different basis from Ellerd. In the original opinion we disposed of this contention upon the ground that the bill of exceptions did not show what the answer of Murray would have been, applying the general rule with reference to bills of exception relating to the exclusion of testimony and which requires that such bills shall state the evidence excluded. The bill of exception was not set out, nor was its substance stated, in the appellant's brief, and it did not appear that the question was asked upon cross-examination. The motion for rehearing calls our attention to the fact that the questions were asked the witness upon cross-examination, and insists that this fact brings the assignment within the rule announced in Cunningham v. Austin, etc., Ry. Co., 88 Tex. 534, 31 S. W. 629, and other authorities cited. It is said in the Cunningham Case that counsel for the appellant Cunningham had the right to ask a car inspector whether he inspected the cars on certain dates, subsequent to the date of the accident; counsel stating that the object of the question was to prove by the witness that on said dates he had not inspected the wheels of appellee's trains at that place, and, if he stated that he had inspected them on any one or all of said dates, then to offer witnesses who would testify that witness did not inspect them on either of the dates. In answering a certified question, Judge Denman said:

"Independent of the questions and issues above discussed, we are further of the opinion that appellant had the right to propound and have answered the questions above stated, for the purpose of testing the memory of the witness. This is especially true when we consider, as above indicated, that the witness did not appear to have a positive recollection of the fact of inspecting the cars on the particular morning, but seemed to rely largely upon the fact that it was his duty and that he knew that he invariably performed such duty. It may be objected that the bill of exceptions did not show definitely what answer the witness would have made to the questions had he been permitted to answer. The general rule is that, in order to entitle a party to a revision of the ruling of the lower court in refusing to allow him to propound a question to a witness, he must show what answer he expected to elicit,

in order that the court may see that he has been deprived of legitimate evidence. This rule applies mainly to a case where a party is seeking to introduce original evidence, the nature of which he should be expected to know before he offers the same, and is not applicable to a case where the party is cross-examining the witness of his adversary, with whose knowledge of the case he is not supposed to be familiar. In this class of cases we think the better rule is that, if the question appears on its face to be calculated to elicit competent testimony, it is error to refuse the same, although counsel may not be able to state to the court the answer intended or expected to be elicited."

We doubt the applicability of this rule to this assignment. Murray testified that he was to receive 2½ per cent. commissions from Ellerd, based upon the exchange value placed by Ellerd upon his property. It is insisted in the brief and in the motion that Ellerd's testimony is to the contrary. Ellerd stated:

"There was an understanding between us that he should have 2½ per cent. commissions on any exchange deal that he made; that we should both get the other party to pay the other 2½ per cent., and on any cash deal that he arranged for me he should have 5 per cent This per cent. to be figured—he voluntarily made this suggestion, and it was agreed to, and we worked along that basis—that he would make or figure his commissions on a cash basis, and all commission was left until the negotiations and deals under consideration were finished or to be finished, and at that time all the deals that were finished he was to have commissions on at that rate."

It is apparent that he does not state clearly that the 2½ per cent., in the event of an exchange, should be figured upon the cash value of Ellerd's land, and we doubt if the jury could have concluded from the above-quoted testimony that he so intended to testify; but, if we admit that his statement is sufficient, the question asked and excluded was not for the purpose of testing the memory of the witness, and we think it is clear that by it plaintiff in error sought to elicit evidence which was incompetent. Murray had testified that he had contracted with Ellerd for 2½ per cent. commissions upon the exchange value of Ellerd's land and that he had also contracted with Gilbert and others for the same amount. These two contracts are clearly separate and distinct. Admitting that Murray would have testified, in answer to the question which the court excluded, that he had agreed to settle with Gilbert and others for 2½ per cent. upon the cash value of their land, it would have been simply evidence of settlement upon a basis different from that provided in his contract with Gilbert. He certainly had the right to hold Gilbert and others to a settlement for the full 2½ per cent. upon the exchange value placed by them upon their property, or

he could settle for a less sum, or even release them from any obligation to pay anything without affecting in any degree his rights against Ellerd. If Murray's allegations and evidence are true, Ellerd is liable without regard to the liability of Gilbert and others upon their contract for commissions. There was no agreement alleged or shown that Ellerd and Gilbert and his associates were jointly liable for 5 per cent. commissions. As shown by the record, all parties admitted that each of the contracting parties was responsible separately for only 2½ per cent., and in no event could Ellerd or Gilbert and others be held liable for full 5 per cent. commissions. After Murray had earned his commissions by bringing the contracting parties together, upon the terms of his employment he certainly had the right to make a settlement with either for less than the amount originally agreed to be paid, and such settlement could in no way affect his rights against the other party. This being true, any settlement made by him with either of the parties was an immaterial matter in a suit against the other. Evidence from Murray to the effect that he had settled with Gilbert and others for 2½ per cent. upon the cash value of their property would not have contradicted his evidence to the effect that they contracted to pay him 2½ per cent. upon its exchange value. For a stronger reason it would not have tended to disprove his statement that Ellerd had agreed to pay him 2½ per cent upon the exchange value of the latter's property and, if admissible at all, would in no degree tend to corroborate Ellerd's testimony.

[3, 4] It is true that Murray alleged in his petition that it was "understood and agreed at the time that the owners of such land, lease, and royalties in Eastland county, Tex., would pay to plaintiff also 2½ per cent. commission on such lands, leases, and royalties, by them to be conveyed to defendant." This allegation is wholly immaterial in an action against Ellerd to recover for compensation due plaintiff from him and would, no doubt, have been stricken upon exceptions seasonably made by Ellerd. There is no allegation whatever by either party concerning the agreement as to settlement between Murray and Gilbert et al., and, if Murray had made such allegation, it would also have been immaterial and irrelevant. It follows that all evidence relating to the subsequent agreement of settlement between Murray and Gilbert was clearly inadmissible, and, though received without objection, it becomes our duty to hold that it is incompetent whether brought out upon direct or cross examination. Henry v. Phillips, 105 Tex. 459, 151 S. W. 533(6).

[5] Under the second proposition, it is insisted that the court erred in permitting the witness Gilbert to give certain evidence in

contradiction of the written contract. It would be a sufficient answer to this proposition to state that the testimony complained of did not contradict the written contract, and further that Murray did not base his suit upon the written contract. Murray seeks to recover upon a verbal agreement made with Ellerd to pay him commissions for his services. The testimony of Gilbert, made the basis of this contention, is to the effect that the deeds made by the witness and his associates were placed in the bank, with instructions that the bank should not deliver them until Ellerd had discharged certain incumbrances existing upon the latter's land, which were not mentioned, either to Murray or to Gilbert, and his associates, and did not become known to them until the titles to Ellerd's lands were examined. This does not contradict the terms of the written contract of exchange made between Ellerd and Gilbert, and, if it did, the evidence would be admissible in Murray's behalf to show that he had earned his commissions by procuring parties who were ready, willing, and able to accept Ellerd's lands and who would have closed the deal but for the defects in the title. The trial judge qualified the bill of exceptions with the statement that Gilbert et al. were to assume certain debts on the land they were getting from Ellerd, and that upon the trial the proof showed that there were many other debts against Ellerd, and that Ellerd had agreed with Gilbert et al., after the execution of the original contract, that said papers should remain in the bank until Ellerd could clear up these debts, which were incumbrances and which had not been assumed by Gilbert, and his associates. This testimony was certainly material and was clearly not subject to the objections urged.

[6] The third proposition is:

"Since the testimony of the parties to the contract was directly conflicting, as to whether commissions were to be paid by plaintiff in error to defendant in error upon the making of a contract or upon the final consummation of the trade by the delivery of conveyances and possession of the property, it was error for the court to refuse to submit that issue to the jury."

To the same effect is the fourth proposition, as follows:

"Since the plaintiff in error, at the proper time, and in the proper manner, requested the court to submit to the jury a special issue as to whether plaintiff in error promised to pay commissions before the final consummation of the deals made and the passing of deeds, and since the court refused to submit such special issue, the court was thereby precluded from passing upon it himself."

Special issue No. 1, submitted by the court, is:

"In the employment of H. H. Murray as real estate broker, by the defendant, Reuben M. Ellerd, was there any agreement as to when the plaintiff's commission would be due?"

The issue requested by the plaintiff in error is:

"Did defendant promise to pay commission before the final consummation of the deals made and the passing of deeds?"

The court could have properly submitted either issue, and we think the one he did submit is preferable. Both issues should not have been submitted, and, since the answer to special issue No. 1 brought out the ultimate fact raised by the pleadings, there was no error in refusing to submit the one presented by plaintiff in error.

[7] The evidence shows that the exchange was not consummated at once because of the indebtedness against Ellerd's property which was unknown to Murray and Gilbert et al. and which, of course, under their contract they had not assumed to pay as part of the consideration for the conveyance. It is well settled that a failure to consummate a contract for the exchange of property by reason of the subsequent discovery of defects in the seller's title does not defeat the broker's right to commissions where the other contracting party is ready, willing and able to complete the trade upon the original terms of listing. It is clear from the record that if Ellerd's property had been free from the particular debts which had prevented the consummation of the deal at once, and that his titles had been shown to be as represented by him, the trade would have been consummated without delay. The failure of Ellerd to fully disclose the condition of the titles to his several tracts of land resulted in the delay and in the papers being placed in the bank. If Murray's right to a commission from Ellerd could not be defeated by a defective title unknown to him at the time he performed the services, payment thereof could not be postponed pending the perfection of the title if the parties secured by him were ready, willing, and able to close the deal upon the original terms. It was the duty of Ellerd to have his titles clear and in the condition in which he had represented them to be at the time he listed his property with Murray. To permit him to postpone the payment of commissions to his broker under such circumstances is tantamount to allowing him to profit by his own wrong. 21 C. J. pp. 200, 201, §§ 190, 194, 196. Sanderson v. Wellsford, 53 Tex. Civ. App. 637, 116 S. W. 382; 10 R. C. L. 383, § 133; 1 Pomeroy's Equity Jurisprudence (4th Ed.) §§ 364, 365.

[8] The fifth proposition urged is that the court erred in refusing to instruct the jury that the pleadings of the parties did not constitute evidence upon the issue submitted.

The pleadings were not offered as evidence by either party, and we cannot presume that the jury considered as testimony anything not submitted to them as such under the rulings of the court.

There are several things urged in the motion for rehearing which are not properly before us under the assignments and propositions contained in the original briefs. The original opinion is withdrawn and this is made the opinion of the court.

We find no reversible error, the motion for rehearing is overruled, and the judgment is affirmed.

### On Motion for Rehearing.

[9] This is the second motion for rehearing urged by plaintiff in error. Upon the trial Ellerd testified that his contract with Murray was that no commissions would be due until the exchange was consummated and title papers had passed. Murray testified that there was nothing said as to when commissions would be due, and the jury found in accordance with Murray's testimony. As stated in the former opinion, the only answer filed by Ellerd in the trial court was a general denial. This writer strongly inclines to the opinion that this testimony was not admissible under the answer, and if the jury had believed that his statement was true, and that he was not to pay commissions until the deal was consummated, it would have resulted in an abatement of the suit upon the ground that the action had been prematurely brought, because the defense of prematurely bringing the suit is one in abatement, and unless the fact appears from the face of the petition it is necessary for the defendant to plead it in the due order of pleading. Driggers v. Philadelphia Underwriters Agency (Tex. Civ. App.) 240 S. W. 618; Humphrey v. National Fire Insurance Co. (Tex. Com. App.) 231 S. W. 751; Duenkel v. Amarillo Bank & Trust Co. (Tex. Civ. App.) 222 S. W. 670; Potter County v. Boesen (Tex. Civ. App.) 191 S. W. 787; Id. (Tex. Com. App.) 221 S. W. 948. If, however, it be conceded that the evidence is admissible, under a general denial, the jury's finding has settled the issue, and we see no reason for setting it aside.

[10] Ellerd also testified that according to the contract the amount of commission was to be based upon the cash value of his property. He was contradicted upon this issue by Murray, who testified that it was to be based upon the agreed exchange value, and the jury again found with Murray; so that issue is also settled in this court.

[11] At great length and with copious citation of authority, the motion under consideration contends under several propositions that the former opinion is based upon evidence unsupported by pleadings and that the contentions of the defendant in error which we sustained are without any pleadings whatever to support them. Reference to the plaintiff's petition shows that this contention is without support. In his petition plaintiff alleges that the defendant listed the property with him for sale or exchange; that he promised to pay him 2½ per cent. commission on the value agreed upon by the parties as the exchange value; that plaintiff undertook to find parties who were ready, willing, and able to exchange property for that listed with him, and did find Gilbert, White, and others, who entered into negotiations with Ellerd. The uncontradicted evidence sustains each of these necessary allegations. He further alleged that he brought the parties together who agreed with Ellerd, and that they entered into a "legal and binding contract and agreed upon the exchange value of the defendant's property." The written contract between the parties proves these allegations. He further set out the amount of his commissions, demand therefor, and the refusal of plaintiff in error to pay. As we understand the law, these allegations are sufficient to support the judgment, provided they are sustained by competent testimony.

[12-14] In addition to the necessary allegations of fact, stated above, the plaintiff alleged:

"It being understood and agreed at the time that the owner of such lands, leases, and royalties in Eastland county, Tex., would pay to the plaintiff also 2½ per cent. commission on such lands, leases, and royalties by them to be conveyed to the defendant."

This allegation was certainly not necessary to entitle the plaintiff to recover and, viewed from any standpoint, must be considered as surplusage. If plaintiff in error had excepted to it, the trial court would no doubt have sustained the exception. He not only did not except to this allegation, but failed to object to any evidence offered to prove it. Pleadings frequently contain many allegations of this kind, and the rule is that a plaintiff need not prove more than is necessary to his recovery, though more be alleged. Selman v. G., C. & S. F. Ry. Co. (Tex. Civ. App.) 101 S. W. 1030; Collins v. Chipman, 41 Tex. Civ. App. 563, 95 S. W. 666. It follows from what has been said that the evidence introduced to sustain an immaterial allegation was itself immaterial. Evidence is not made relevant by being directed to the proof of an immaterial issue. 22 C. J. 161. The Supreme Court said, in Henry v. Phillips, 105 Tex. 459, 151 S. W. 533:

"Such incompetent testimony can never form the basis of a finding of fact in an appellate court, notwithstanding its presence in the record without objection. When the appellate court comes to apply the law to testimony constituting the facts of the case, it can only base its conclusion upon such testimony as is

under the law competent. That which is not competent testimony should be given no probative force. The admission of such testimony is no talisman to give effect to that which is *ir-relevant and incompetent to sustain or deny a material issue in a case."

For a stronger reason pleadings which present, and evidence tending to sustain, an issue which is wholly immaterial, should be disregarded by the appellate court, even though the one is unexcepted to and the other unobjected to in the trial court.

[15] Plaintiff in error insists that it was incumbent upon defendant in error to allege and prove that Ellerd's titles were defective, basing this contention principally upon the case of Brackenridge v. Claridge, 91 Tex. 527, 44 S. W. 819. Neither this case nor any other case cited applies to the instant case. In the Brackenridge Case only an option contract was entered into, and the court held that, unless the parties had entered into a binding contract to sell and to buy, the broker was not entitled to recover where the sale failed because of the defect in the title and unless he assumed the burden and proved that such defect existed. The contract itself in the instant case is in the statement of facts. In support of the judgment we must presume that the trial court found that it was a binding contract, and, while not required to do so, we have examined it and think that it is valid and binding upon both parties, except for the matters subsequently developed with reference to the defect in Ellerd's title. As stated in the former opinion, this would not defeat Murray's right to recover.

Plaintiff made no allegation whatever with reference to the settlement with Gilbert, White, and others of the commissions due him from them. No such allegation was necessary to entitle him to recover against Ellerd. Without any objection on the part of Ellerd, Murray testified that he had made satisfactory settlement with the other parties. The evidence was clearly inadmissible and irrelevant, and it has not been demonstrated how the evidence in any degree could have affected the verdict. The amount of commissions, that is, 2½ per cent., was not controverted; the only conflict between Ellerd and Murray being whether this amount should be based upon the cash value or the exchange value. We think it is wholly immaterial for the reasons set out in the former opinion, and which will not be restated here. Murray alleged that the amount of the commissions were to be based upon the exchange value, and the jury found with his contentions. The judgment is therefore supported by both pleadings and evidence in that particular.

[16] The evidence that Murray made satisfactory settlement with Gilbert, White, et

al., being immaterial and irrelevant, would not entitle Ellerd to introduce further evidence upon such issue, and its exclusion was proper. McLane v. Paschall, 74 Tex. 20, 11 S. W. 837; Dolson v. De Ganahl, 70 Tex. 620, 8 S. W. 321; Llano Co. v. Moore, 77 Tex. 515, 14 S. W. 152.

[17] Evidence of the oral agreement between the parties with reference to placing the contracts in escrow in the bank pending the perfection of Ellerd's titles did not in any way tend to vary or contradict the written contracts. In our opinion it was not necessary for defendant in error to plead or prove that Ellerd's titles were defective after having alleged that through his efforts a valid binding contract was entered into by the parties, and, although frequently asserted in the motion, it is not a fact that the judgment of this court is based upon the assumption that such titles were defective.

It is true that no fraud is charged in Murray's pleadings with reference to the condition of Ellerd's titles, nor has any such charge been made by this court.

[18] Although the case may have been tried and a judgment rendered in the lower court upon an erroneous theory, and although this court may have improperly discussed that theory, nevertheless, if the case has been correctly decided upon any issue presented in the record, it is the duty of this court to affirm the judgment. Speed v. Sadberry (Tex. Civ. App.) 190 S. W. 781; Calvin v. Neel (Tex. Civ. App.) 191 S. W. 791; Ashley v. Holland (Tex. Civ. App.) 180 S. W. 635; Bullock v. Crutcher (Tex. Civ. App.) 180 S. W. 940.

We have concluded that there is no such error as would warrant us in reversing the judgment.

The motion is therefore overruled, and the judgment is affirmed.